NOTICE

Decision filed 06/25/14. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2014 IL App (5th) 130543

NO. 5-13-0543

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| HARTMANN REALTORS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff and Counterdefendant-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 13-SC-1714 |
| | ) | |
| DONNA BIFFAR, | ) | Honorable |
| | ) | Brian Babka, |
| Defendant and Counterplaintiff-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE WELCH delivered the judgment of the court, with opinion.

Justices Chapman and Spomer concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant and counterplaintiff, Donna Biffar, appeals from the order of the circuit court of St. Clair County dismissing her counterclaim and striking her affirmative defense filed against the plaintiff and counterdefendant, Hartmann Realtors.  For the reasons which follow, we affirm the decision of the circuit court and remand for further proceedings.

¶ 2     This case commenced on June 5, 2013, when Hartmann Realtors filed a small claims complaint against Biffar seeking damages for cleaning and repairing a residential apartment after the lease was voluntarily terminated and the premises were vacated by the

1

tenant, Biffar's daughter.  Biffar was the cosigner on the lease.  On September 9, 2013, Biffar filed an answer to the small claims complaint, denying the complaint's allegations and asserting an affirmative defense.  The affirmative defense alleged that Hartmann Realtors had "painted or otherwise altered the premises" without first giving advance notice to Biffar or her daughter, which would have given them an opportunity to document the alleged damages, and had prevented the "fact finder from conducting an inspection" of the premises.  The affirmative defense also alleged that Hartmann Realtors's alteration of the premises prevented Biffar from being able to fully defend the allegations contained in the complaint.

¶ 3     Biffar also filed a counterclaim against Hartmann Realtors, which was based on negligent spoliation of evidence.  The counterclaim alleged that Hartmann Realtors had a duty to preserve the condition of the rental apartment when it knew that the condition of the apartment at the time that Biffar's daughter had vacated the premises was relevant evidence for future litigation.  The counterclaim further alleged that Hartmann Realtors breached its duty to preserve the premises when it cleaned and repaired the alleged damaged areas, which included replacing carpet and painting walls, without first giving Biffar or her daughter an opportunity to conduct their own inspection.  The counterclaim also alleged that Hartmann Realtors's breach of duty proximately caused damage to Biffar in that she was unable to put on a complete defense "of the lack of damages as alleged" in the small claims complaint.  The counterclaim requested judgment in Biffar's favor "in an amount of any judgment entered against her in this case, to offset her inability to put on a complete defense."

¶ 4    On September 23, 2013, Hartmann Realtors filed a motion to dismiss Biffar's counterclaim for failure to state a cause of action under section 2-615 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2012)) and to strike affirmative defense.  With regard to the counterclaim, the motion alleged that Biffar had failed to set forth any facts in her counterclaim supporting the existence of an agreement, contract, statute, or special circumstance giving rise to a duty by Hartmann Realtors to preserve the status quo of the rental premises in anticipation of a civil suit being brought by Biffar. The motion argued that there were also no facts alleged in the counterclaim indicating that Hartmann Realtors had voluntarily accepted a duty to preserve the condition of the rental apartment.  The motion argued that the apartment was cleaned and necessary repairs were completed to remove the premises of cat feces and fleas that were found after the tenant had vacated the apartment and that such cleaning and repairs were necessary to render the premises habitable and marketable.

¶ 5    The motion to dismiss counterclaim further stated that Biffar had failed to set forth any facts alleging damages.  Specifically, the motion argued that damages for negligent spoliation of evidence must relate to some underlying cause of action brought by Biffar that was compromised by the loss or destruction of evidence which Hartmann Realtors had a duty to preserve.  The motion argued that Biffar's measure of damages had no independent basis but was instead linked to "whatever Hartmann [Realtors was] able to prove in [its] own case."  Therefore, the motion argued that because Biffar had failed to allege a nexus to an otherwise valid, underlying cause of action, she had failed to

3

adequately allege damages in support of her claim for negligent spoliation of evidence. Accordingly, the motion requested that Biffar's counterclaim be dismissed with prejudice.

¶ 6    With regard to the affirmative defense, the motion alleged that Biffar had failed to sufficiently plead the affirmative defense as she did not argue that although the cleaning, painting, and repairs were necessary as alleged in the small claims complaint, Hartmann Realtors's claim is nevertheless defeated by some affirmative event. Instead, Biffar argued that Hartmann Realtors's failure to give advance notice and opportunity to inspect the vacated rental premises prior to cleaning, painting, and replacement of the "feces-ridden carpet and broken mini-blinds" deprived Biffar of the opportunity to fully present her defense. The motion further argued that Biffar "ignore[d] the opportunities that were available" to her and her daughter before her daughter vacated the premises. The motion notes that Biffar had the opportunity to thoroughly inspect the premises and had the ability to take photographs of the condition of the apartment before her daughter vacated the apartment. Further, the motion argues that Hartmann Realtors had no duty to preserve the condition of the premises or to give advance notice prior to rendering the apartment habitable.

¶ 7    On September 24, 2013, Biffar filed a response to the motion to dismiss counterclaim and to strike affirmative defense, arguing that Hartmann Realtors had voluntarily assumed a duty to preserve the condition of the apartment when it took pictures of the apartment before completing the cleaning and repair work. Additionally, Biffar argued that the affirmative defense was based on a litigant's duty to preserve the integrity of relevant, material evidence, such as the condition of the rental apartment.

4

Biffar further argues that she had given color to Hartmann Realtors's claim, but argued that her defense was prejudiced because the fact finder did not have an opportunity to conduct a site inspection of the vacated apartment.

¶ 8 On October 29, 2013, a hearing was held on Hartmann Realtors's motion to dismiss the counterclaim and motion to strike the affirmative defense. During the hearing, Hartmann Realtors's counsel argued that Biffar's counterclaim had failed to state a cause of action because Biffar failed to allege any facts setting forth any duty on the part of Hartmann Realtors. Counsel acknowledged that Hartmann Realtors had taken pictures of the apartment before removing carpeting that was infested with cat feces, painting the walls, replacing broken blinds, and doing "things" that any landlord would do to render an apartment habitable and marketable. However, counsel argued that Hartmann Realtors's actions did not constitute a voluntary undertaking of a duty to preserve the condition of the apartment.

¶ 9 Counsel also argued that Biffar had every opportunity to inspect the premises before they were vacated and that there was no allegation that she was frustrated in any attempt to inspect the apartment at that time nor was there any allegation that she sought an opportunity to inspect the apartment after it was vacated. Further, counsel argued that Biffar's counterclaim was not a "stand-alone claim" and was "really a defense." Counsel argued that the alleged negligent spoliation of evidence claim did not relate to a valid, independent cause of action that would be brought by Biffar and therefore Biffar suffered no damages. With regard to the affirmative defense, counsel argued that Biffar failed to allege that the "repairs were otherwise valid, but for the opportunity to inspect."

5

¶ 10    In response, counsel for Biffar argued that Hartmann Realtors took pictures of the premises before completing the repair work partly in anticipation of litigation and that this affirmative conduct resulted in Hartmann Realtors voluntarily assuming a duty to preserve the condition of the premises. Counsel argued that Biffar should have been given an opportunity to inspect the premises and that Biffar was expecting the refund of her security deposit and instead received a bill for the amount of the cleaning and repair charges.

¶ 11    After hearing counsel's arguments, the trial court stated as follows:

"The agreement or contract in question doesn't provide any duty for the landlord that I see in that regard. It's whether or not there's a special circumstance, and further, the law says a defendant may voluntarily assume a duty by affirmative conduct. An action for negligent spoliation can be stated under existing negligence law, requiring the plaintiff to prove the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, an injury proximately caused by the breach and damages. In an action for negligent spoliation, a plaintiff must allege sufficient facts to support a claim that the loss or destruction of the evidence caused the plaintiff to be unable to prove an underlying lawsuit.

We don't have that situation. We don't have an underlying lawsuit. ***

I don't think it's unreasonable for someone in a landlord situation to take pictures before they try to remedy it. I think they would be faulted if someone said, 'Well, you could have at least taken some pictures before you decided to do the repairs in question.'

6

So I understand your defense, your affirmative defense and your counterclaim, *** and it's clever. But without a case, without precedence [*sic*] supporting your position, I'm going to grant the relief [Hartmann Realtors] is requesting."

¶ 12 Accordingly, the trial court granted Hartmann Realtors's motion to dismiss counterclaim for failure to state a cause of action under section 2-615 of the Code (735 ILCS 5/2-615 (West 2012)) and to strike affirmative defense. Immediately after the announcement of the trial court's judgment, Biffar's counsel indicated that he was ready for trial, and the trial commenced solely on Hartmann Realtors's small claims complaint. Biffar's counsel did not move for leave to file an amended counterclaim or affirmative defense, nor did counsel seek to continue the bench trial to allow for time to file amended pleadings or seek reconsideration of the court's ruling. After hearing all of the evidence presented at trial, the court entered judgment in favor of Hartmann Realtors and against Biffar, awarding damages in the amount of $700, attorney fees in the amount of $350, and costs of the suit. Biffar appeals.

¶ 13 We initially note that Biffar did not challenge the trial court's judgment in favor of Hartmann Realtors on the small claims complaint. Instead, the two issues raised by Biffar in her brief concern the dismissal of the counterclaim and the striking of the affirmative defense. Therefore, our discussion will be limited to the issues raised with regard to the counterclaim and the affirmative defense.

¶ 14 A motion to dismiss filed pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2012)) attacks the legal sufficiency of a complaint; its purpose is to raise

7

defects apparent on the face of the pleadings. *Stinnes Corp. v. Kerr-McGee Coal Corp.*, 309 Ill. App. 3d 707, 712 (1999). "The standard of review for a section 2-615 motion to dismiss is whether the complaint sufficiently states a cause of action, and the merits of the case are not considered." *Jackson v. Michael Reese Hospital & Medical Center*, 294 Ill. App. 3d 1, 9 (1997). The question presented by a section 2-615 motion is whether the allegations of the complaint, taking all well-pleaded facts as true and considering them in a light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *Chandler v. Illinois Central R.R. Co.*, 207 Ill. 2d 331, 348 (2003); *Tedrick v. Community Resource Center, Inc.*, 235 Ill. 2d 155, 161 (2009). When deciding a section 2-615 motion to dismiss, the court may not consider affidavits, the products of discovery, documentary evidence not incorporated into the pleadings as exhibits, testimonial evidence, or other evidentiary materials. *Kilburg v. Mohiuddin*, 2013 IL App (1st) 113408, ¶ 20. The complaint must be construed liberally and should only be dismissed when it appears that the plaintiff cannot recover under any set of facts. *Id.* However, the plaintiff must allege sufficient facts to bring a claim within a legally recognized cause of action. *Tedrick*, 235 Ill. 2d at 161. Our standard of review is *de novo*. *Chandler*, 207 Ill. 2d at 349.

¶ 15 Illinois does not recognize an independent cause of action for spoliation of evidence. *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188, 192-93 (1995). Instead, an action for negligent spoliation of evidence is recognized under general negligence law. *Id.* at 193. Accordingly, a plaintiff raising a cause of action for negligent spoliation of evidence must prove the following: (1) the defendant owed a duty to the plaintiff to

8

preserve the evidence, (2) the defendant breached that duty by losing or destroying the evidence, (3) the loss or destruction of the evidence was the proximate cause of the plaintiff's inability to prove an underlying lawsuit, and (4) as a result, the plaintiff suffered actual damages. *Martin v. Keeley & Sons, Inc.*, 2012 IL 113270, ¶ 26.

¶ 16 Hartmann Realtors argues that Biffar's counterclaim is deficient with regard to the issues of duty and proximate cause. Like the trial court, we find that Biffar's counterclaim is deficient with regard to the issue of proximate cause. Therefore, we need not make any determination as to whether the counterclaim was deficient with regard to duty. "A plaintiff must allege that an injury proximately resulted from a breach of a duty when pleading causation." *Jackson*, 294 Ill. App. 3d at 13. In a negligent spoliation of evidence cause of action, a plaintiff must allege sufficient facts to support a claim that the loss or destruction of the evidence caused the plaintiff to be unable to prove an underlying lawsuit. *Boyd*, 166 Ill. 2d at 196. The plaintiff must demonstrate that, but for the defendant's loss or destruction of the evidence, the plaintiff had a reasonable probability of succeeding in an underlying lawsuit; the plaintiff need not show that he would have prevailed. *Id.* at 196-97, n.2.

¶ 17 Here, Biffar argues that Hartmann Realtors's cleaning and completion of the repairs to the apartment without giving her advance notice interfered with her underlying lawsuit, *i.e.*, a potential cause of action based on breach of contract for Hartmann Realtors's failure to refund her security deposit for the apartment. In response, Hartmann Realtors argues that Biffar failed to allege well-pleaded facts in causation establishing that it had prevented her from proving an underlying lawsuit by cleaning and repairing

9

the apartment. Specifically, Hartmann Realtors argues that Biffar's counterclaim is merely a "defense by another name" and that Biffar had failed to allege facts explaining a nexus between Hartmann Realtors's actions and her inability to prove an otherwise valid, underlying cause of action. Hartmann Realtors also argues that Biffar had failed to allege the existence of her potential cause of action for breach of contract for its failure to return the security deposit and, therefore, it cannot be considered in this court's *de novo* review.

¶ 18    The trial court noted that a plaintiff must allege sufficient facts to support a claim that the loss or destruction of evidence caused the plaintiff to be unable to prove an underlying lawsuit and found that "[w]e don't have an underlying lawsuit." We agree with the trial court that there is no factual allegation in Biffar's counterclaim that would support such a showing. Biffar's counterclaim alleged the following regarding causation: "[Hartmann Realtors] breached its duty to preserve the [apartment] when it destroyed relevant evidence, including carpet and the condition of the walls by painting, without first letting [Biffar] or [the tenant] conduct their own inspection prior to such repairs, proximately causing damage to [Biffar] in her ability to put on a full defense of the lack of damages as alleged in the Complaint in the case." The counterclaim did not allege that Biffar had a potential cause of action based on breach of contract for Hartmann Realtors's failure to return her security deposit, and Biffar's counsel failed to seek leave to amend the counterclaim to bring a breach of contract action for Hartmann Realtors's failure to return the security deposit. Instead, the counterclaim alleged that Biffar's defense was hindered by Hartmann Realtors cleaning and repairing the apartment without giving her advance notice. The allegations contained in the counterclaim did not establish a

10

causative link between the cleaning and the completion of the repairs to the apartment and Biffar's inability to prove an underlying lawsuit. Further, the counterclaim did not allege that Biffar had a reasonable probability of succeeding in an underlying suit. Thus, the allegations contained in Biffar's counterclaim did not state sufficient facts to establish causation for negligent spoliation of evidence.

¶ 19 Furthermore, we note that Biffar cites *Jackson v. Michael Reese Hospital & Medical Center*, 294 Ill. App. 3d 1, 18-19 (1997), for the proposition that a spoliation case may be remanded for a party to replead additional facts to state a cause of action for negligent spoliation of evidence that would survive a section 2-615 challenge as long as the record does not indicate that no set of facts can be proven that would entitle the plaintiff to recovery. However, unlike *Jackson*, we find that the record indicates that Biffar cannot establish that she could recover under the theory of negligent spoliation of evidence because she cannot show that but for Hartmann Realtors's cleaning and repairing of the residential rental apartment, she had a reasonable probability of succeeding in an underlying lawsuit since no underlying lawsuit had been filed.

¶ 20 Biffar next argues that her affirmative defense was improperly stricken. "An 'affirmative defense' is one in which the defendant gives color to his opponent's claim but asserts new matter which defeats an apparent right in the plaintiff." *Raprager v. Allstate Insurance Co.*, 183 Ill. App. 3d 847, 854 (1989). A motion to strike an affirmative defense pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2012)) challenges the legal sufficiency of the affirmative defense. *Raprager*, 183 Ill. App. 3d at 854. In order to set forth an affirmative defense, sufficient facts must be alleged to

11

satisfy each element of the affirmative defense. *Richco Plastic Co. v. IMS Co.*, 288 Ill. App. 3d 782, 784 (1997). When determining the sufficiency of any claim or defense, the court will disregard any conclusions of fact or law that are not supported by allegations of specific fact. *Id.* at 784-85. A trial court striking an affirmative defense as inadequate as a matter of law is subject to *de novo* review. *Bogner v. Villiger*, 343 Ill. App. 3d 264, 268 (2003).

¶ 21 To the extent that Biffar's argument concerning the striking of her affirmative defense was based on negligent spoliation of evidence, we conclude that she failed to allege sufficient facts to establish negligent spoliation of evidence in her affirmative defense. Biffar alleged the following in her affirmative defense: "Plaintiff Hartmann Realtors painted or otherwise altered the premises when it altered the premises alleged in the Complaint, without first giving advance notice to *** Biffar or [the tenant] prior to such alleged repairs to document any alleged damages, preventing the fact finder from conducting an inspection of [the apartment] or allowing *** Biffar to fully put on a defense of this case." Like the counterclaim, the affirmative defense contained no allegation that but for Hartmann Realtors's loss or destruction of the evidence, Biffar had a reasonable probability of succeeding in an underlying lawsuit. See *Boyd*, 166 Ill. 2d at 196-97, n.2. We also note Biffar's counsel did not seek leave to amend the affirmative defense in the trial court to include this allegation.

¶ 22 Biffar argues that pursuant to Illinois Supreme Court Rule 286(a) (eff. Aug. 1, 1992) she was not required to file an answer in the small claims proceedings unless ordered to do so by the trial court and that she was only required to appear and any

"defense may be proved as if it were specifically pleaded." However, we note that Biffar also failed to allege and establish at the hearing on the motion to strike affirmative defense that she had a reasonable probability of succeeding in an underlying lawsuit had Hartmann Realtors's allowed her an opportunity to inspect the apartment before cleaning or completing the repairs. Thus, Biffar failed to allege sufficient facts to establish negligent spoliation of evidence in her affirmative defense.

¶ 23 To the extent that Biffar's argument with regard to the affirmative defense was based on a discovery violation, we conclude that the affirmative defense was properly stricken. Biffar cites *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 121-22 (1998), a products-liability case, for the proposition that a potential litigant has a duty to take reasonable measures to preserve the integrity of relevant, material evidence.

¶ 24 Initially, we note that as set forth in Illinois Supreme Court Rule 287(a) (eff. Aug. 1, 1992), there is no discovery in small claims cases unless leave of court is requested and granted. From our review of the record, it appears that there was no discovery request made by Biffar in these small claims proceedings.

¶ 25 Additionally, we note that Biffar did not sufficiently plead the affirmative defense. As stated above, "[a]n 'affirmative defense' is one in which the defendant gives color to his opponent's claim but asserts new matter which defeats an apparent right in the plaintiff." *Raprager v. Allstate Insurance Co.*, 183 Ill. App. 3d 847, 854 (1989). Biffar's affirmative defense does not allege nor did Biffar argue at the hearing on the motion to strike the affirmative defense that although the cleaning, painting, and repairs were necessary as alleged in the complaint, there was new matter which defeated Hartmann

13

Realtors's damage claim for the cleaning and repairing of the apartment. Therefore, we conclude that Biffar's affirmative defense was properly stricken by the trial court.

¶ 26 Furthermore, Biffar complains that she did not have an opportunity to inspect the apartment prior to Hartmann Realtors cleaning and repairing the apartment. However, the record indicates that Biffar visited her daughter at the apartment at least once a week and assisted her daughter when she moved out, a process that took approximately two days. Therefore, the record belies Biffar's assertion that she did not have an opportunity to inspect or take photographs of the premises before Hartmann Realtors took possession of the apartment and began making it ready for the next tenant.

¶ 27 Finally, we note that Hartmann Realtors filed a motion for attorney fees in defense of appeal, which this court ordered taken with the case on November 25, 2013. In the motion, Hartmann Realtors requested attorney fees for these appellate proceedings if this court affirmed the trial court's judgment. Hartmann Realtors based this request for attorney fees on the rental agreement signed by Biffar's daughter, the tenant of the apartment, and Biffar as the cosigner, which indicated that if legal proceedings were pursued, the prevailing party shall recover reasonable attorney fees and court costs. The trial court awarded Hartmann Realtors $350 for attorney fees in the trial court proceedings, and now Hartmann Realtors requests that this court remand the case to the trial court for a determination of the reasonable attorney fees and court costs in defense of this appeal. In response, Biffar objects to an award of attorney fees and court costs in an amount over the $350 already awarded. We hereby grant Hartmann Realtors's motion for attorney fees in defense of this appeal as set forth in the rental agreement, and we

therefore remand the matter to the trial court to determine the appropriate amount for attorney fees and court costs for these appellate court proceedings.

¶ 28   For the foregoing reasons the judgment of the circuit court of St. Clair County is hereby affirmed and remanded for further proceedings.

¶ 29   Affirmed and remanded for further proceedings.

15

2014 IL App (5th) 130543

NO. 5-13-0543

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

HARTMANN REALTORS,                               )       Appeal from the
                                                 )       Circuit Court of
    Plaintiff and Counterdefendant-Appellee,     )       St. Clair County.
                                                 )
v.                                               )       No. 13-SC-1714
                                                 )
DONNA BIFFAR,                                    )       Honorable
                                                 )       Brian Babka,
    Defendant and Counterplaintiff-Appellant.    )       Judge, presiding.
_____

**Opinion Filed:**    June 25, 2014
_____

**Justices:**    Honorable Thomas M. Welch, P.J.

                Honorable Melissa A. Chapman, J., and
                Honorable Stephen L. Spomer, J.,
                Concur
_____

**Attorney**    Peter J. Maag, Maag Law Firm, LLC, 22 West Lorena Avenue, Wood
**for**    River, IL 62095
**Appellant**
_____

**Attorney**    Louis E. Costa, Costa Law Office, P.C., 2001 Broadway, Mt. Vernon,
**for**    IL 62864
**Appellee**
_____