NOTICE
Decision filed 12/12/19. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2019 IL App (5th) 190097-U

NO. 5-19-0097

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| OELZE SUPPLY COMPANY, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Washington County. |
| | ) | |
| v. | ) | No. 18-MR-24 |
| | ) | |
| AMEREN ILLINOIS COMPANY, | ) | Honorable |
| | ) | Daniel J. Emge, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Cates and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiff has standing to bring a declaratory action against defendant and the circuit court improperly dismissed plaintiff's action for failure to state a claim because plaintiff's complaint alleged sufficient facts for a declaratory action at the pleading stage.

¶ 2    Plaintiff, Oelze Supply Company, LLC, brought a declaratory action against defendant, Ameren Illinois Company, alleging defendant violated a 1948 easement on real estate owned by plaintiff. The circuit court dismissed the plaintiff's complaint with prejudice pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2016)). For the following reasons, we reverse the judgment of the circuit court and remand the cause for further proceedings.

1

¶ 3                                    I. BACKGROUND

¶ 4    Plaintiff owns certain real estate located in Washington County, Illinois (Oelze

tract). In 1948, the predecessor in title of the Oelze tract granted an easement (1948

easement) to the Illinois Power Company for the transmission and distribution of

electricity across the Oelze tract and several adjacent tracts.[1]

¶ 5    The 1948 easement granted the Illinois Power Company:

> "[T]he perpetual right and easement to erect, reconstruct, operate and
> maintain under varying conditions of operations, renew and remove, an electric
> transmission and distribution line, the poles, anchors, stubs, brace poles, guys,
> crossarms, insulators, conductors, ground wires, cables and counterpoises and
> other equipment appurtenant thereto, including signal and telephone lines and
> equipment, for the transmission and distribution of electric energy in, on, over,
> upon, through and across certain lands owned by Grantors. *** Not more than
> seven (7) multiple wood pole structures of said line shall be located on said
> property."

¶ 6    The 1948 easement also provided that the grantor was to be paid $100 "for each

and every two-pole structure" that was placed on the easement real estate. A map was

attached to and recorded along with the 1948 easement indicating the location of seven

pole structures spaced along the length of the 1948 easement real estate. Plaintiff

acknowledges that the 1948 easement is binding on the Oelze tract.

¶ 7    When the 1948 easement was created, the Oelze and other adjacent tracts were

owned by four original grantors. At some point, defendant succeeded Illinois Power

Company's interest as grantee of the 1948 easement. In addition, at some point,

defendant became the owner of certain real estate (Ameren tract) immediately adjacent to

---

[1]The 1948 easement affected the real estate described as "[t]he Northeast Quarter of the
Southwest Quarter; the West Half of the Southeast Quarter; and the Southeast Quarter of the Southeast
Quarter all in Section 1, Township 2 South, Range 3 East of the Third Principal Meridian."

the Oelze tract. The Ameren tract is part of the 1948 easement real estate, and other individuals not parties to this suit own the remaining tracts of the 1948 easement real estate.

¶ 8    In 2017, defendant replaced an existing two-pole structure with a three-pole structure (structure 295) on the Ameren tract. The guys[2] supporting the previous two-pole structure did not extend onto the Oelze tract, but the guys supporting structure 295 do extend onto the Oelze tract. Plaintiff admits that the guys supporting structure 295 are within the 1948 easement real estate.

¶ 9    The parties dispute whether there are seven or eight pole structures currently on the 1948 easement real estate. However, both parties agree that there are two pole structures located on the Ameren tract and that there are no pole structures located on the Oelze tract.

¶ 10    On May 14, 2018, plaintiff filed a complaint for declaratory judgment alleging defendant violated the 1948 easement by erecting structure 295 as a three-pole structure and exceeding the limitation of seven pole structures on the 1948 easement real estate. In response, defendant filed a combined motion to dismiss pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2016)) arguing that plaintiff lacks standing to bring suit (*id.* § 2-619(a)(9)), or in the alternative, arguing that plaintiff's complaint failed to state a cause of action on which relief could be granted (*id.* § 2-615).

---

[2]A guy-wire, guy-line, or guy-rope, also known as simply a guy, is a rope, chain, rod, or cable designed to add stability to a free-standing structure. http://www.webster-disctionary.net (last visited Oct. 21, 2019).

¶ 11    The circuit court heard arguments on defendant's motion to dismiss and requested additional briefings. Both parties' supplemental briefs included an affidavit and a map as exhibits. On October 11, 2018, the circuit court issued a written order finding that the 1948 easement did not limit the type of pole structures to two-pole structures. It further determined that the doctrine of merger[3] applied to the Ameren tract and, as such, the Ameren tract was not subject to the 1948 easement which left six pole structures on the remaining 1948 easement real estate—one less than the 1948 easement permitted. The circuit court's written order also stated that "[t]he Court believes that OELZE may have a standing issue regarding its ability to complain of an easement violation on real estate it does not own," but indicated that it was not addressing the issue of standing since the case was being resolved on other grounds.

¶ 12    Plaintiff appeals the judgment of the circuit court, raising three issues. First, plaintiff argues that it has standing concerning defendant's alleged breach of the 1948 easement. Second, plaintiff asserts that the circuit erred in dismissing its complaint because its pleadings presented a valid cause of action for declaratory judgment. Third, defendant argues that the circuit court should not have dismissed the action with prejudice precluding an opportunity for plaintiff to amend its complaint. For the following reasons, we reverse the judgment of the circuit court and remand the cause for further proceedings.

---

[3]The doctrine of merger holds that a merger occurs when the dominant (benefited) estate and the servient (burdened) estate are owned by the same person and the easement is extinguished by virtue of unity of title and possession. *Seymour v. Harris Trust & Savings Bank*, 264 Ill. App. 3d 583, 597 (1994).

¶ 13                                II. ANALYSIS

¶ 14                                A. Standing

¶ 15    Plaintiff argues that it has standing to bring a declaratory action against defendant based on the encroachment of guys onto the Oelze tract. According to plaintiff, the guys are an actual injury as they render a portion of the Oelze tract unusable and affect the overall value and marketability of the real estate. Plaintiff also argues that it has a threatened injury based on the potential number of pole structures that defendant may place along the 1948 easement real estate. As such, it is plaintiff's position that it possesses a real interest in the outcome of this matter as the declaratory action seeks a determination of the rights of the 1948 easement including the type of pole structures and number of pole structures permitted on the 1948 easement real estate.

¶ 16    Defendant counters that plaintiff does not have standing since it has not suffered an actual or threatened injury. Plaintiff admits that the 1948 easement is binding on the Oelze tract and that the guys from structure 295 are contained on the 1948 easement real estate portion of the Oelze tract. As such, it is defendant's position that plaintiff has not suffered an injury since defendant's actions have not affected plaintiff's real estate in any other manner. Defendant also states that the merger doctrine extinguished the 1948 easement concerning the Ameren tract, but continued in effect as to the remaining parcels. Thus, defendant claims it is permitted seven pole structures on the remaining easement real estate. Without an actual or threatened injury, defendant argues that plaintiff has no standing to bring suit.

¶ 17     As an initial matter, we note that defendant's 2-619 motion was thoroughly briefed and argued before the circuit court. The parties have also addressed the issue of standing in their briefs before this court. Although the parties provided the circuit court with the factual and legal basis relating to plaintiff's standing, the circuit court did not rule on the issue since it dismissed the matter on other grounds. Irrespective of whether the circuit court entered judgment, the issue was properly before the circuit court and, as such, the issue of standing is properly before this court. *AIDA v. Time Warner Entertainment Co.*, 332 Ill. App. 3d 154, 158 (2002).

¶ 18     A section 2-619 motion to dismiss admits the legal sufficiency of the plaintiff's complaint but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim. *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 455 (2011). The affirmative defense may be one of the enumerated bases contained within section 2-619, such as the running of a limitations, or it may fall within the catch-all of other affirmative matter, such as lack of standing under subsection (a)(9). 735 ILCS 5/2-619(a) (West 2016).

¶ 19     The affirmative defense must be apparent on the face of the complaint or supported by affidavits or other evidentiary materials. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997). A trial court may consider pleadings, depositions, and affidavits when ruling on a motion to dismiss under section 2-619. *Zedella v. Gibson*, 165 Ill. 2d 181, 185 (1995). When supporting affidavits have not been challenged or contradicted by counteraffidavits or other appropriate means, the facts stated therein are

6

deemed admitted. *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 262 (2004).

¶ 20    Here, defendant raised lack of standing in its section 2-619 motion to dismiss. Lack of standing is an affirmative defense that may be raised as a ground for dismissal under a section 2-619 motion to dismiss. It is designed to preclude a person who has no interest in a controversy from bringing suit. *Glisson v. City of Marion*, 188 Ill. 2d 211, 220-21 (1999). "[T]o have standing [to bring a declaratory judgment action], a plaintiff *** must present an actual controversy between adverse parties as to which controversy the plaintiff is not merely curious or concerned about the outcome, but possesses some personal claim, status, or right. The alleged injury must be distinct and palpable and directly traceable to the defendant's actions and substantially likely to be prevented or redressed by the grant of such relief." *AIDA*, 332 Ill. App. 3d at 159. The defendant has the initial burden of establishing the affirmative defense concerning lack of standing. However, once the defendant satisfies the burden of putting forward the affirmative defense, the burden shifts to the plaintiff to demonstrate that the affirmative defense is unfounded or requires the resolution of a material fact. *Epstein*, 178 Ill. 2d at 383.

¶ 21    In this case, plaintiff has standing to bring its declaratory judgment action. Plaintiff alleged an actual controversy concerning whether defendant has violated the terms of the 1948 easement. The alleged violations include erecting a three-pole structure and maintaining more than seven total pole structures on the 1948 easement real estate. Moreover, plaintiff has alleged that the violations of the easement have resulted in an

7

injury to the Oelze tract that is distinct, palpable, and directly traceable to defendant's actions.

¶ 22    Defendant argued that plaintiff suffered no actual or threatened injury since plaintiff admitted that the guys from structure 295 are within the 1948 easement real estate of the Oelze tract. Defendant further asserted that the Ameren tract was no longer subject to the 1948 easement and, therefore, it was permitted to erect and maintain seven multiple wood pole structures on, over, upon, or across the remaining parcels of the 1948 easement. In support of its position, defendant provided an affidavit that stated defendant "does not currently, and has not at any time, exceed[ed] seven multiple wood pole structures" within the 1948 easement area.

¶ 23    In response, plaintiff provided an affidavit that stated there were eight multiple pole structures on the 1948 easement real estate. Plaintiff's affidavit contradicted defendant's affidavit and presented a dispute of a material fact. Plaintiff and defendant also disputed whether the intention of the 1948 easement was to limit the pole structures to two-pole structures. As noted above, the resolution of a material fact defeats the affirmative defense at the pleading stage and this matter had two disputed material facts requiring resolution.

¶ 24    Without the resolution of the disputed facts, plaintiff's complaint pleaded an actual and threatened injury. The alleged injury of the additional guys located on the Oelze tract is distinct and palpable, and directly traceable to the defendant's actions of erecting a three-pole structure. Although plaintiff admits that the guys from structure 295 are located on the 1948 easement real estate, the issue of whether the intention of the 1948

8

easement was to limit the pole structures to two-pole structures as did the location of the guys on plaintiff's real estate remained. Although the circuit court found that the 1948 easement did not limit the pole structures to two-pole structures, the intention of the 1948 easement on pole structures was a disputed material fact that should have defeated the affirmative defense at the pleading stage.

¶ 25 Plaintiff also alleged a specific injury concerning the limitation on the number of pole structures contained within the 1948 easement. Defendant asserted, by virtue of the obtainment of a portion of the 1948 easement real estate, that it could apply the 1948 easement limitation of seven pole structures to the remaining tracts. The defendant, therefore, claims authority to erect additional structures on or near the Oelze tract due to the decreased 1948 easement real estate. The plaintiff disputes this authority and maintains that doing so adversely affects the Oelze tract's value and marketability.

¶ 26 Based on the above, we find that the allegations in plaintiff's complaint established it has standing to bring a declaratory action against defendant.

¶ 27 B. Sufficiency of the Pleading

¶ 28 Plaintiff also argues that its complaint sufficiently pleaded a valid cause of action for declaratory judgment and that the circuit court should have allowed the case to proceed beyond the pleading stage. We agree.

¶ 29 A motion to dismiss pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)) attacks the legal sufficiency of a complaint. The purpose of a section 2-615 motion is to raise defects apparent on the face of the pleadings. Our standard of review is *de novo* and we do not consider the merits of the case—only whether the complaint

9

sufficiently states a cause of action. The question presented by a section 2-615 motion is whether the allegations of the complaint, taking all well-pleaded facts as true and considering them in a light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *Hartmann Realtors v. Biffar*, 2014 IL App (5th) 130543, ¶ 14.

¶ 30    Unlike the 2-619 motion discussed above, the court cannot consider affidavits, the products of discovery, documentary evidence not incorporated into the pleadings as exhibits, testimonial evidence, or other evidentiary materials when deciding a section 2-615 motion to dismiss. *Id*. The complaint must be construed liberally and should only be dismissed when it appears that the plaintiff cannot recover under any set of facts. However, the plaintiff must allege sufficient facts to bring a claim within a legally recognized cause of action. *Id*.

¶ 31    In this case, the record clearly demonstrates that the circuit court reviewed and considered affidavits, maps, and other materials not incorporated into the plaintiff's pleadings. The circuit court's written order cites to defendant's supplemental pleading and exhibit. It further notes the conflicting affidavits of the parties and indicates that the circuit court considered information obtained during oral arguments. Any information not incorporated into the plaintiff's pleadings as exhibits should not have been considered by the circuit court when ruling on defendant's 2-615 motion to dismiss.

¶ 32    The circuit court went beyond the examination of the sufficiency of plaintiff's pleadings and made factual determinations–such as the intent of the 1948 easement concerning the type of pole structures permitted and that six pole structures outside the

Ameren tract did not violate or expand the 1948 easement. Resolution of these issues required that the matter proceed beyond the pleading stage and should not have been resolved in a ruling on a 2-615 motion to dismiss.

¶ 33    The circuit court held "[plaintiff] has not alleged a violation of the 1948 Easement by Ameren, as the real estate subject to the easement does not contain more multiple pole structures than allowed by said Easement." The circuit court made this factual finding after applying the doctrine of merger to the Ameren tract and determined that the structures built on the Ameren tract were no longer to be counted as a part of the 1948 easement seven pole structures limitation. Plaintiff's complaint, however, only stated the total number of pole structures allowed pursuant to the 1948 easement and did not identify the specific location of each pole structure. Therefore, the only way the circuit court could have made its finding was with information obtained outside of the plaintiff's pleadings.

¶ 34    Plaintiff's complaint alleged eight pole structures on the 1948 easement in violation of the seven pole structures limitation along with the allegations that the new three-pole structure violated the intent of the 1948 easement concerning the type of pole structures allowed. Plaintiff further alleged an actual and threatened injury, as discussed above. These allegations are sufficient to plead a declaratory action. We find nothing within the circuit court's order indicating that there was a defect apparent on the face of the plaintiff's pleadings. Therefore, we find the circuit court erred in dismissing plaintiff's complaint pursuant to section 2-615 of the Code.

11

¶ 35 As we have determined that the circuit court improperly dismissed plaintiff's cause of action, we need not address plaintiff's final issue on appeal as to whether the dismissal should have been with or without prejudice.

¶ 36                                         III. CONCLUSION

¶ 37 For the foregoing reasons, we reverse the judgment of the circuit court and remand for further proceedings.

¶ 38 Reversed and remanded.