2021 IL App (1st) 200541-U

THIRD DIVISION
April 21, 2021

No. 1-20-0541

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| US BANK, NATIONAL ASSOCIATION, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County |
| | ) | |
| v. | ) | 2016-CH-07349 |
| | ) | |
| LIOUBOV POPOVYTCH, | ) | Honorable |
| | ) | Darryl B. Simko, |
| Defendant-Appellant | ) | Judge Presiding |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Justices Ellis and Burke concurred in the judgment.

O R D E R

¶ 1    *Held*: Appellant failed to show a due process violation occurred when her attorney participated in briefing but not oral arguments because he did not receive notice of rescheduled summary judgment hearing, and appellant failed to show fact dispute precluded granting of summary judgment.

¶ 2    It was alleged in this mortgage foreclosure action that Lioubov Popovytch defaulted on a loan secured by Chicago residential property located at 1652 West Ohio Street. The note was held by U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2006-4, TBW Mortgage Pass-Through Certificates, Series 2006-4 ("U.S. Bank" or bank). Popovytch appeals from the entry of summary judgment for U.S. Bank at a hearing which her attorney did

not attend, and from the denial of her post-judgment motion to vacate the ruling. Popovytch contends a reversal is warranted because her lawyer was not notified of the summary judgment hearing date and a material fact persists as to whether U.S. Bank complied with the acceleration and notice language in paragraphs 15 and 22 of the mortgage contract.

¶ 3    The property at issue was sold on January 15, 2020 and on February 20, 2020, the trial court approved the bank's report of sale and distribution. On Monday, March 23, 2020, Popovytch filed a notice of appeal. Accordingly, we have jurisdiction over the appeal because of Illinois Supreme Court Rules 301 and 303, which govern appeals from final judgments of the circuit court in civil cases. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. Jan. 1, 2015). We set out the relevant facts and then address the arguments.

¶ 4    U.S. Bank initiated this foreclosure action on May 27, 2016, based on a mortgage contract the parties entered into in 2006. The mortgage provided in relevant part:

"15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. *** The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. *** There may be only one designated notice address under this Security Instrument at any one time. ***

* * *

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement to this Security Instrument ***. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the

default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. *** If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence."

¶ 5    Popovytch, through her first attorney, filed an answer and affirmative defenses. The answer contained general denials only. Each of the four affirmative defenses were similarly brief and consisted of a single sentence or a few short sentences, namely: 1) U.S. Bank lacked capacity to sue because it was "not a real entity," 2) U.S. Bank lacked standing to sue because it did not possess the note on the date it filed the complaint, 3) the mortgage had been altered and not accepted by Popovytch, and, therefore, it did not encumber the subject property, and 4) U.S. Bank did not send Popovytch a notice of acceleration as required by paragraph 22 of the mortgage.

¶ 6    U.S. Bank filed a motion to strike and for partial summary judgment as to the affirmative defenses. U.S. Bank argued in part that all four affirmative defenses were factually deficient and that the fourth affirmative defense was actually a denial of the complaint rather than a proper affirmative defense. See *Cathay Bank v. Accetturo*, 2016 IL App (1st) 152783, ¶ 2 (a notice provision with an acceleration clause in a mortgage is a condition precedent which a lender must comply with in order to have a right to file an action to recover possession of a secured property); *Hartmann Realtors v. Biffar*, 2014 IL App (5th) 130543, ¶ 20 (an affirmative defense gives color

to the plaintiff's claim but asserts new matter which defeats the claim). After briefing and oral arguments, the trial court granted U.S. Bank summary judgment as to Popovytch's first three affirmative defenses and struck the fourth affirmative defense with prejudice.

¶ 7    U.S. Bank then filed a motion for summary judgment on its complaint and a judgment of foreclosure and sale.

¶ 8    Popovytch's second attorney, Stephen L. Kalka, filed a motion to vacate the order granting summary judgment against Popovytch's first three affirmative defenses and striking the fourth affirmative defense with prejudice. Kalka also filed a motion to extend the time to respond to U.S. Bank's motion for summary judgment and judgment of foreclosure. The trial court denied the motion to vacate the ruling regarding the disposition of the affirmative defenses, entered and continued the motion for an extension of time generally, and entered and continued the motion for summary judgment and judgment of foreclosure until September 25, 2017 (a date more than 10 weeks in the future).

¶ 9    An order entered on September 25, 2017, indicates that Popovytch's third attorney was granted leave to file an appearance, her motion to dismiss the complaint was "advanced and denied," and U.S. Bank's motion for summary judgment and judgment of foreclosure was granted.

¶ 10    Popovytch pursued loss mitigation through Chapter 7 bankruptcy and the possibility of a short sale.

¶ 11    More than year after the judgment of foreclosure was entered, and more than two years after the suit began, a judicial sale of the property was conducted on September 5, 2018.

¶ 12    When U.S. Bank filed a motion seeking the court's approval of the sale, Popovytch's fourth attorney responded that the sale should not be approved because the court had not yet ruled on

Popovytch's motion for an extension of time to file a response to the bank's motion for summary judgment and judgment of foreclosure. On November 29, 2018, the trial court denied U.S. Bank's motion to approve the sale, and the court vacated the sale and the underlying judgment.

¶ 13    The court also granted Popovytch's motion for additional time to respond to the bank's motion for summary judgment and judgment of foreclosure. Popovytch, however, did not file a response by the new deadline of December 27, 2018. The court then rescheduled the response deadline to February 22, 2019, and rescheduled the hearing date from February 1, 2019 to March 22, 2019.

¶ 14    In her response, Popovytch contended that U.S. Bank had not given notice as required by paragraph 22 of the mortgage that it was accelerating the borrower's obligations due to a breach of contract. She relied on the statement in paragraph 15 that the notice address would be the mortgaged property address, "unless Borrower has designated a substitute notice address by notice to Lender." In an attached affidavit, she indicated that the subject property was at 1654 West Ohio Street, but in April 2016, when the acceleration notice was sent, she resided at 2608 West Huron Street. She also swore that she had never resided at 2502 West Superior Street where the notice had been sent, never told the lender to send notice to her at the Superior Street address, and never received notice of acceleration or default. Subsequently, two orders and two "Agreed" orders were entered which extended the bank's reply date from March 8 to April 19, May 24, June 21, and then July 26, 2019, and rescheduled the hearing date from March 22 to April 26, May 31, July 2, and then August 2, 2019.

¶ 15    In its reply brief filed on July 26, 2019, the bank argued that by providing only a general denial to the complaint, Popovytch had judicially admitted to receiving the notice of acceleration.

In the alternative, the bank indicated that it sent two notices to Popovytch before filing suit in May 2016. According to the bank, Popovytch said 2600 West Grand Avenue was her address when she contacted the bank on September 21, 2015, the bank sent notice of acceleration to her Grand Avenue property on December 4, 2015, the bank's "investigation" on March 15, 2016 indicated Popovytch's address was then the Superior Street address, and the bank sent a copy of the notice to the Superior Street address on April 13, 2016. The bank supported its second argument with an affidavit and part of the electronic loan file it maintained for Popovytch's account. The order the trial court entered on the hearing date of August 2, 2019 indicates Popovytch's attorney was not present and, after holding the case over for 30 minutes, the court "rul[ed] on the merits of the motion [for summary judgment on the bank's complaint and judgment of foreclosure]," and granted the motion.

¶ 16    Popovytch filed a motion to vacate the entry of summary judgment and judgment of foreclosure. In a supporting affidavit, Popovytch's attorney said that although he had received the bank's reply brief on July 26, 2019, he did not receive the "Agreed" order resetting the hearing date from July 2, 2019 to August 2, 2019.

¶ 17    On October 24, 2019 the court denied Popovytch's motion to vacate and on December 10, 2019 the court denied her motion for reconsideration of the ruling. We cannot summarize what the parties argued on those dates because there are no transcripts in the record that was submitted for our review.

¶ 18    After a judicial sale of the property was conducted and the court approved the sale, Popovytch brought this appeal from that final judgment order.

¶ 19    Popovytch contends she was denied the constitutional right to procedural due process when

her attorney was not given notice that the summary judgment hearing was rescheduled from July 2, 2019 to August 2, 2019. She points out that U.S. Bank did not file proof it sent the rescheduling order and that her attorney's affidavit indicates he never received it. She asks us to vacate the summary judgment ruling for the additional reasons that it was improperly based on new evidence in the bank's reply brief (indicating that the bank sent notices to two different addresses before filing suit) which her attorney was prevented from addressing at the hearing and because there is still a question as to whether the bank complied with paragraphs 15 and 22 of the contract.

¶ 20    U.S. Bank responds that Popovytch fully participated in the foreclosure litigation and, thus, misconstrues the due process authority she relies upon. The bank also argues that there is no inherent right to oral argument, it is offered at the court's discretion, and that it was not a deprivation of due process for the trial judge to consider and resolve the fully-briefed summary judgment motion on its merits without defense counsel being present. In addition, defense counsel's affidavit acknowledges his timely receipt of the bank's reply memo a week before the hearing, but indicates counsel did not receive the rescheduling order. The bank contends that counsel "apparently failed to follow up after the motion was fully briefed," and argues that this inaction is contrary to the duty that every litigant has to follow his or her case.

¶ 21    Popovytch replies that oral argument is "standard" in the circuit court and that she was deprived of that opportunity not by her own fault but "by the carelessness or misconduct of her opponent."

¶ 22    We are not persuaded by Popovytch's contention that a due process violation occurred. She relies primarily on *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972), for the proposition that the constitution entitles parties to notice and opportunity to be heard. In *Fuentes*, the U.S. Supreme

1-20-0541

Court addressed Florida and Pennsylvania's prejudgment replevin statutes which authorized the summary seizure of goods or chattels in a person's possession, simply on the *ex parte* application of any other person who claimed a right to them and posted a security bond. *Fuentes*, 407 U.S. at 69-70. Popovytch, in contrast, fully participated in the foreclosure litigation, with the assistance of four different attorneys, including by filing an answer and affirmative defenses in March 2017 to the bank's complaint and by bringing and responding to various motions over the course of several years. Significantly, her most recent attorney successfully vacated a September 2017 judgment of foreclosure and sale on grounds that there was a pending motion for an extension of time to respond to the bank's motion for summary judgment. The parties then litigated for an additional two years. During those last years, her most recent attorney filed written opposition to the bank's motion for summary judgment and, one week before the rescheduled hearing, received a copy of the bank's reply brief in support of its motion. The summary judgment order specifies that the court held the case for 30 minutes past the scheduled hearing time and then granted the motion "on the merits," meaning that the court ruled after considering the parties' written briefs. The court did not merely default Popovytch because neither she nor her attorney were present for the hearing. Thus, Popovytch had meaningful involvement in the lengthy foreclosure suit and what occurred is easily distinguishable from the *ex parte* proceeding that was conducted in *Fuentes*, 407 U.S. 67. The circumstances are also distinguishable from the other cases Popovytch cites. For instance, in *Seaway National Bank v. Cain*, 257 Ill. App. 3d 856, 858 (1994), the defendant did not receive notice of a motion or its hearing, so the court vacated its order granting the motion and allowed the defendant to respond. Popovytch had a copy of the bank's motion, filed a written response, received a copy of the bank's reply, and was aware that the hearing had been repeatedly

- 8 -

rescheduled.

¶ 23    In addition, Popovytch fails to cite any authority indicating that she had a constitutional right to oral argument prior to the ruling. Actually, "[o]ral argument in a civil proceeding tried, as here, by the court without a jury is a privilege, not a right, and is accorded to the parties by the court in its discretion." *Parkway Bank & Trust Co. v. Meseljevic*, 406 Ill. App. 3d 435, 441 (2010) (real property dispute in which defendant was barred from oral argument on plaintiff's motion for judgment on the pleadings); *Korbelik v. Staschke*, 232 Ill. App. 3d 114, 118 (1992) (malicious prosecution case indicating Illinois is one of the jurisdictions that deems oral argument to be a privilege granted at the court's discretion). There were a series of scheduling orders that led up to the summary judgment hearing, some of which were on the trial judge's form order (the orders setting the hearing for February 1 and then March 22, 2019) and some of which were drafted by the parties (the orders continuing the hearing to April 26, May 31, July 2, and then August 2, 2019). The trial judge's form order cited *Meseljevic*, 406 Ill. App. 3d 435, and warned the parties that "[o]ral argument is allowed at the Court's discretion." In this instance, the court evidently determined in its discretion that no oral argument was necessary.

¶ 24    Furthermore, the affidavit filed by Popovytch's attorney indicates that he received the bank's reply brief seven days before the hearing. While defense counsel admits that he was aware of and agreed to the continuance for the bank to file its reply, he contends he did not receive the order that shifted the hearing date from July 2, 2019 to August 2, 2019. Thus, counsel apparently failed to question why he received a reply brief in late July 2019 for a hearing that he thought was to have occurred nearly a month earlier. Illinois attorneys are considered officers of the court (*In re Zisook*, 88 Ill. 2d 321, 323 (1981); *In re Anastaplo*, 3 Ill. 2d 471, 478 (1954)) and the order the

bank's attorney obtained from the trial court was entitled "Agreed," which is an express indication that both lawyers had acquiesced to its contents, which included not only the extra preparation time for the bank's reply but also the specific new hearing date and time of August 2, 2019 at 10:30 a.m. If defense counsel was uncertain about the status of the case after he received the reply brief, he could have followed up by either contacting the bank or checking the court's electronic records for a new hearing date.

¶ 25    In addition, the record suggests that counsel could reasonably assume that the hearing would occur very shortly after the bank filed its reply brief. That is, the four prior scheduling orders set the hearing to occur 7 to 14 days after the bank filed its reply. More specifically, the trial court scheduled a March 8 reply deadline and a March 22 hearing, which is a 14-day gap; an April 19 reply deadline and an April 26 hearing, which is a 7-day gap; a May 24 reply deadline and a May 31 hearing, which is a 7-day gap; and a June 21 reply deadline and a July 2 hearing, which is 12-day gap. This pattern of dates indicates that as soon as defense counsel had the bank's reply brief in hand, the hearing was going to occur within as little as seven days. Notably, counsel's affidavit does not indicate he was unaware that the hearing was scheduled to occur 12 days later. Rather, Popovytch's attorney swore:

> "3. I am the only person in my office that receives the mail and reviews my email address that receives pleadings.
>
> 4. While I received a copy of Plaintiff's reply to its motion for Summary Judgment on July 26, 2019, I *never received the order* resetting the hearing date to August 2, 2019." (Emphasis added.)
>
> 5. As a result, I did not attend the hearing for summary judgment and without the ability

to argue said motion, judgment was entered against the Defendant on that date."

Thus, the circumstances imply that defense counsel's absence at the hearing is attributable to his own oversight, such as a calendar entry error, rather than because he was unaware that there was a new hearing date.

¶ 26    Added to all this is the principle that even a party represented by counsel has a duty to follow the progress of his or her case. *R.M. Lucas Co. v. Peoples Gas Light & Coke Co.*, 2011 IL App (1st) 102955, ¶ 18 (a party must follow the progress of its case and is bound by the mistakes or negligence of its counsel); *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 105 (2006) ("a party must follow the progress of her case"); *Ameritech Publishing of Illinois, Inc. v. Hadyeh*, 362 Ill. App. 3d 56, 60 (2005) (a party is generally bound by the mistakes or negligence of its attorney). The circumstances bring up the question of why Popovytch herself did not reasonably anticipate that the hearing would occur on or about the day that it occurred.

¶ 27    In any event, Popovytch compiled her due process argument into a post-judgment motion to vacate the summary judgment ruling, and her motion was scheduled for oral arguments. Popovytch's motion, however, was denied. The denial of a motion to vacate an order granting summary judgment is reviewed for an abuse of discretion. *Standard Bank & Trust Co. v. Madonia*, 2011 IL App (1st) 103516, ¶ 8. A court abuses its discretion if it commits an error of law or when no reasonable person would take the view adopted by the court. *CitiMortgage, Inc. v. Johnson*, 2013 IL App (2d) 120719, ¶ 18. To the extent Popovytch is appealing the denial of her post-judgment motion, she has failed to meet her burden. Our review of the denial order is precluded by the absence of a report of the proceedings, or one of the acceptable alternatives, such as a certified bystander's report of the hearing. Without such a transcript, we cannot review the

discretionary ruling. As the appellant, Popovytch was under the burden of filing a sufficiently complete record of the trial court proceedings to support her claim of error. *Keefe v. Allied Home Mortgage Corp.*, 2016 IL App (5th) 150360, ¶ 27. Any doubts that arise from the record's incompleteness are to be resolved against the appellant and we are to presume that the trial court ruled in conformity with the law and sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). This presumption applies "especially" when the standard of review is the abuse-of-discretion standard. See, *e.g.*, *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 22. In order to determine whether there was actually an error, a reviewing court must have a record to review. With no way of knowing what facts or legal arguments Popovytch made to the trial judge in support of her motion, we must presume that they were insufficient and that the trial judge had a legitimate basis for denying the motion to vacate the summary judgment ruling. It should also be noted that the record does not include a copy of Popovytch's subsequent motion to reconsider, which was also denied, or a transcript of the hearing. The decision to grant or deny a motion for reconsideration is another ruling that lies within the sound discretion of the trial court. *State Farm Mutual Automobile Insurance Co. v. Progressive Northern Insurance Co.*, 2015 IL App (1st) 140447, ¶ 69. We presume the trial court's ruling on the motion to reconsider was proper. *Foutch*, 99 Ill. 2d at 392.

¶ 28    Popovytch's due process argument has failed in the appellate court.

¶ 29    We next address whether the bank was entitled to summary judgment. An order granting summary judgment is reviewed *de novo*, meaning that we perform the same analysis that the trial judge would perform. *Banco Popular North America v. Gizynski*, 2015 IL App (1st) 142871, ¶ 37 (mortgage foreclosure action). The purpose of a summary judgment proceeding "is not to try an

issue of fact but *** to determine whether a triable issue of fact exists." *Gizynski*, 2015 IL App (1st) 142871, ¶ 37 (internal quotation marks omitted). Summary judgment is considered a drastic measure which should be granted only if the movant's right to judgment is clear and free from doubt. *Gizynski*, 2015 IL App (1st) 142871, ¶ 37. The party seeking summary judgment bears the initial burden of proof. *Gizynski*, 2015 IL App (1st) 142871, ¶ 37. This burden can be met either by affirmatively showing that some element of the case must be resolving in the moving party's favor or by "establishing that there is an absence of evidence to support the nonmoving party's case." *Gizynski*, 2015 IL App (1st) 142871, ¶ 37 (internal quotation marks omitted).

¶ 30    In this instance, the parties' written submissions regarding summary judgment show that there was no genuine issue of fact to preclude granting U.S. Bank summary judgment on its foreclosure complaint because Popovytch's answer was factually inadequate and amounted to a judicial admission that the acceleration notice was properly sent to her. Popovytch's answer included her fourth affirmative defense for a failure of a "condition precedent," namely, that she was never sent the pre-suit notice required paragraph 22 of the mortgage. But the trial judge granted the bank's motion to strike the fourth affirmative defense with prejudice because a condition precedent is not a valid affirmative defense. See *Cathay Bank*, 2016 IL App (1st) 152783, ¶ 2 (a notice provision with an acceleration clause in a mortgage is a condition precedent which a lender must comply with in order to have a right to file an action to recover possession of a secured property); *Hartmann Realtors*, 2014 IL App (5th) 130543, ¶ 20 (an affirmative defense gives color to the plaintiff's claim but asserts new matter which defeats the claim). In her answer, Popovytch had simply denied all material allegations of the bank's complaint and she did not allege any specific facts to support the denial. Her answer consisted of mostly a series of paragraphs

containing the single word, "Denies," with no elaboration.

¶ 31    Courts have repeatedly determined that the mere general denial of the performance of the conditions precedent of a contract in a party's responsive pleading, without allegations of specific facts, results in forfeiture of the issue of the performance of the conditions precedent of a contract. *Bank of New York v. Wojick*, 2019 IL App (1st) 180845, ¶ 21 (mortgage foreclosure action in which borrowers answered "Defendants deny the above allegation" and did not allege specific facts in support of this general denial, so court ruled this general denial stood as an admission that the bank provided the pre-suit notice that was condition precedent to bank's ability to file foreclosure action), *citing Radkiewicz v. Radkiewicz,* 353 Ill. App. 3d 251, 258 (2004); *Tires 'N Tracks, Inc. v. Dominic Fiordirosa Construction Co., Inc.*, 331 Ill App. 3d 87, 94 (2002); *Wilbur v. Potpora,* 123 Ill. App. 3d 166, 171 (1984); and *Cushman & Wakefield of Illinois, Inc. v. Northbrook 500 Ltd. Partnership,* 112 Ill. App. 3d 951, 960 (1983)). Stated in other words, a general denial to an allegation of the performance of a condition precedent on a contract is treated as an admission of that performance.

¶ 32    Popovytch counters that her answer did not concede the issue of whether the bank sent her an acceleration letter, because affirmative defenses "can be raised at the summary judgment stage even if they were omitted altogether from the answer." This argument, however, is unpersuasive because the issue of the acceleration notice was not "omitted" from Popovytch's answer, it was judicially admitted by that document. In contrast, in the authority Popovytch relies on, *Hanley*, "[d]efendant did not raise the section 2-201 discretionary immunity defense in its answer to plaintiff's complaint," but presented it later, for the first time, during the summary judgment proceedings, which required the court to consider whether the late presentation surprised and

unfairly prejudiced the plaintiff's response. *Hanley v. City of Chicago*, 343 Ill. App. 3d 49, 53 (2003). The rules that apply to the facts at hand are that "a statement of fact that has been admitted in a pleading is a judicial admission and is binding on the party making it" and that "[a] party cannot create a factual dispute by contradicting a previously made judicial admission." *Bank of New York*, 2019 IL App (1st) 180845, ¶ 23. The answer that Popovytch filed on March 3, 2017 judicially admitted that proper notice was sent and prevented her from creating an issue of fact on February 22, 2019, by filing her response in opposition to the bank's motion for summary judgment with an affidavit indicating the bank did not send notice to her address.

¶ 33    Popovytch also contends that the bank did not address whether it satisfied paragraph 15 of the mortgage by mailing an acceleration notice to the property address, and that given that unanswered question of fact, summary judgment was improper. We reject this additional argument because the mortgage did not require that the bank send a notice of acceleration to the property address under the circumstances. Rather, the mortgage states, "[t]he notice address shall be the Property Address *unless* Borrower has designated a substitute notice address by notice to Lender." (Emphasis added). U.S. Bank provided an affidavit indicating that Popovytch had contacted the bank and advised that her address in December of 2015 was 2600 West Grand Ave, Chicago, and U.S. Bank provided a copy of a notice of default that was sent to the West Grand Avenue address on December 12, 2015.

¶ 34    Popovytch contends she was unable to address this issue because it was raised in the bank's written reply and her attorney did not receive notice of the rescheduled hearing date. This is another argument we find unconvincing. Popovytch could have sought leave to file a sur-reply in opposition to the motion for summary judgment. She also could have, and may have, brought this

argument to the trial judge's attention at the hearing on her motion to vacate the summary judgment ruling and her motion to reconsider, but there are no transcripts of these hearings in the record tendered for our review. Accordingly, we reasonably infer that the trial court's rulings on this issue were correct. *Foutch*, 99 Ill. 2d at 392.

¶ 35    Popovytch's arguments in opposition to the summary judgment ruling are no more convincing than her argument that there was a due process violation. We find no error in the trial court's decision to grant the bank's motion for summary judgment. We affirm.

¶ 36    Affirmed.