SIXTH DIVISION

                                                 November 6, 1998

No. 1-97-4187 

PAUL DUFOUR,

Plaintiff-Appellant,

v.

MOBIL OIL CORPORATION, 

Defendant-Appellee.

)

)

)

)

)

) )

)

)

)

)

Appeal from the Circuit Court of Cook County

No. 95 L 00633

Honorable 

Denise M. O'Malley,

Judge Presiding.

JUSTICE QUINN delivered the opinion of the court: 

Plaintiff, Paul Dufour appeals from an order of the circuit court granting defendant Mobil Oil Corporation's motion to compel plaintiff to answer additional interrogatories requesting the names and addresses of his individual and joint bank accounts, checking accounts and savings accounts.  Plaintiff contends on appeal that the circuit court abused its discretion in ordering him to answer the additional interrogatories and in giving defendant leave of court to issue subpoenas pursuant to the disclosed account numbers, and that the circuit court's order finding plaintiff's attorney in contempt should be vacated.  For the following reasons, the order compelling plaintiff to comply with the discovery request is affirmed and the contempt order is vacated.

The facts pertinent to this appeal are as follows.  On April 2, 1993, plaintiff, while employed as a carpenter and scaffold builder for Goedecke Scaffolding & Erectors at a facility owned by defendant, sustained injuries to his shoulder and was released from work due to the injury in June 1993.  Plaintiff's injury required surgery in 1994.  Plaintiff filed a complaint against defendant alleging violations of the Structural Work Act (740 ILCS 150/1-9 1995 (West 1994)) and lost wages in the amount of $106,000.  

In October 1994, pursuant to the request of the insurance company handling plaintiff's worker's compensation claim, plaintiff was examined by Dr. Calvin Brown, Jr.  In a report regarding plaintiff's physical condition, Dr. Brown noted the following:

"At the current time I see no evidence of any

objective deficit or impairment.  Moreover, it should be noted that during physical examination, I found his hands to be very calloused with thick skin, and mechanical grease was impregnated underneath his fingernails.  This would lead me to believe that he certainly is performing some sort of mechanical work during his rehabilitation, and therefore may be functioning at a fairly high level."

Plaintiff stated in his answers to interrogatories filed in November 1995 that he did not work from October 2, 1993, to the time he answered the interrogatories.  In November 1996 plaintiff gave a discovery deposition in which he testified that his injuries required surgery and he was unable to consistently work from October 1993 to the end of 1995.  Plaintiff testified that only recently he had begun doing some work for his church and also performed some work on his own vehicles.  Plaintiff further testified that during 1994, he had done no task that would have caused the development of callouses on his hands.

Plaintiff also testified that he did not file income tax returns from 1994 to 1996 because he had no taxable income.  At the time of the deposition, plaintiff was employed as a maintenance person for a nursing home.

Following the deposition, defendant filed additional interrogatories requesting "the name and addresses of all individual bank accounts, checking or savings accounts, of Paul DuFour [sic] that were in existence at any time between June 1, 1993 to the present."  Defendant also requested the "name and addresses of all joint bank accounts, savings or checking accounts of Paul DuFour [sic] in existence at any time between June 1, 1993 to the present."  Plaintiff objected to the additional interrogatories and argued that defendant failed to obtain leave of court to file them.  Defendant subsequently filed a motion to compel which, among other things, requested that the court compel plaintiff to answer the additional interrogatories.

After the circuit court granted defendant's motion to compel, plaintiff filed an emergency motion to reconsider the court's order compelling him to respond to all outstanding discovery requests.  At the hearing on plaintiff's emergency motion to reconsider the order compelling him to answer the additional interrogatories, the trial court found the following:

"Absent the strong suggestion that plaintiff

was working, it might not be appropriate to give access to plaintiff's financial records; however, in light of the circumstances in this case and no other that we know of at the moment, we do feel that it is appropriate." 

Subsequently, plaintiff's emergency motion for reconsideration was denied and plaintiff was ordered to produce his checking and savings account numbers and the checking and savings account numbers of any joint accounts held between plaintiff and his wife.  Although in their appellate briefs both parties refer to other non-

parties as included in the discovery request, the circuit court's final order entered on October 21, 1997, only compels plaintiff to disclose information regarding individual and joint bank accounts held between himself and his wife.  The circuit court gave defendant leave of court to issue subpoenas pursuant to the disclosed account numbers.  The circuit court held plaintiff's attorney in "friendly contempt" of the court's order because of his refusal to tender plaintiff's financial information and imposed a sanction in the amount of $50.  Defendant was not able to issue a subpoena for plaintiff's bank records.  Plaintiff's timely appeal followed.

Plaintiff first contends that the circuit court abused its discretion in granting defendant's motion to compel plaintiff to answer additional interrogatories that requested the names and addresses of all individual and joint bank accounts, checking or savings accounts.  Plaintiff argues that the information sought to be discovered by these additional interrogatories was not relevant.  Plaintiff further argues that defendant was merely engaged in a fishing expedition of his financial information and failed to provide sufficient evidence that plaintiff was engaged in any employment while he was recovering from his injury.

When a litigant places his income in issue, the opposing party has the right to ascertain, by discovery process, the relevant facts as they were disclosed to the government for tax purposes.  
Hawkins v. Wiggins
, 92 Ill. App. 3d 278, 284, 415 N.E. 2d 1179 (1980).  Here, plaintiff did not file federal tax returns from 1994 to 1996 ostensibly because he had no taxable income.  

Neither the parties nor this court have found case law in Illinois as to whether a plaintiff's bank records are discoverable when that plaintiff has not filed a tax return for the period he asserts he has lost income.  However, it is well established that Illinois Supreme Court rules permit liberal pretrial discovery.  
Winfrey v. Chicago Park District
, 274 Ill. App. 3d 939, 949, 654 N.E. 2d 508 (1995).  Supreme Court Rule 201(b)(1) states that, "[e]xcept as provided in these rules, a party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action."  134 Ill. 2d R. 201(b).  Discovery should be denied where there is insufficient evidence that the requested discovery is relevant.  
Rokeby-Johnson v. Derek Bryant Insurance Brokers, Ltd.
, 230 Ill. App. 3d 308, 317, 594 N.E. 2d 1190 (1992).  Relevance for discovery purposes includes not only what is admissible at trial, but also that which leads to admissible evidence.  
TTX Co. v. Whitley
, 295 Ill. App. 3d 548, 557 (1998).  A trial court's ruling on a motion to compel discovery will stand absent a manifest abuse of discretion affirmatively and clearly shown by the appellant.  
Schneiderman v. Kahalnik
, 200 Ill. App. 3d 629, 636, 558 N.E. 2d 334 (1990).  The circuit court's discretion over the discovery process should be exercised by keeping in mind that the goal is the ascertainment of the truth.  
Industrial Coatings Group, Inc. v. American Motorist Insurance Co.
, 276 Ill. App. 3d 799, 813, 658  N.E. 2d 1338 (1995).  

In the instant case, the relevance of the information sought is clear; it seeks information that would tend to establish whether plaintiff worked during the period he was recovering from an allegedly work-related injury.  Plaintiff stated in his answers to interrogatories filed in November 1995 that he did not work from October 2, 1993, to the time he answered the interrogatories.  At his deposition in November 1996 plaintiff testified that he did not work from June 1993 through 1994.  Plaintiff further testified that only recently he had begun doing some work for his church and also performed some work on his own vehicles.  However, Dr. Brown's examination of plaintiff, conducted one year before plaintiff's deposition testimony in which he testified that he had only recently begun performing light work, revealed evidence to the contrary.  In order to ascertain the truth and resolve the apparent conflict between Dr. Brown's report and plaintiff's testimony, information regarding plaintiff's checking and savings accounts was relevant to his wage loss claim.  Moreover, because plaintiff stated that he did not file income tax returns for the two years he was unemployed, plaintiff's checking and savings accounts were the best way to ascertain whether plaintiff received any unreported income for that period.  Therefore, we hold that the circuit court was within its discretion to compel plaintiff to comply with defendant's discovery request. 

Plaintiff next contends that his right to privacy was impaired when he was compelled to disclose individual and joint bank account information.  Plaintiff argues that the additional interrogatory request not only violated his rights, but also violated the rights of his wife with whom he holds joint bank accounts.

Under the Illinois Constitution, "[t]he people shall have the right to be secure in their persons, houses, papers and other possessions against *** invasions of privacy or interceptions of communications by eavesdropping devices or other means."  Ill. Const. 1970, art. I, § 6.  Even with a right of privacy in bank records guaranteed by the Illinois Constitution, the protection is only against unreasonable searches and seizures and  not reasonable ones.  
People v. Jackson
, 116 Ill. App. 3d 430, 435, 452 N.E. 2d 85 (1983).

In 
Jackson
, the defendant's bank records had been subpoenaed by the grand jury during an investigation into defendant's alleged unlawful receipt of unemployment compensation while still gainfully employed.  This court reversed the trial court's order granting defendant's motion to suppress the subpoena, holding that "two guidelines have been followed by the courts in determining whether the intrusion into a person's privacy is a reasonable intrusion and whether the subpoena is valid: (1) the document sought must be relevant to the inquiry and (2) a specification of the document to be produced must be adequate but not excessive for the purpose of the relevant inquiry."  
Jackson
, 116 Ill. App. 3d at 436.  

Such a determination must be made on a case-by-case basis.  "Necessarily, *** this cannot be reduced to formula; for relevancy and adequacy or excess in the breadth of the subpoena are matters variable in relation to the nature, purposes and scope of the inquiry."  
Oklahoma Press Publishing Co. v. Walling
, 327 U.S. 186, 209, 90 L. Ed. 614, 630, 66 S. Ct. 494, 506 (1946). 

When these guidelines are applied to the case before us, we find that a portion of the plaintiff's bank records is discoverable but that any subpoena issued by defendant must be reviewed by the trial court to guarantee that it is not overbroad.  Defendant has asserted that plaintiff's bank records are relevant in this case as to the issue of whether plaintiff has been engaged in paid employment at the same time he has claimed lost wages due to the accident.  The only bank records that would be clearly relevant to possibly rebut plaintiff's claims as to lost wages are those records relating to deposits made by plaintiff to his own accounts or to any accounts he may have held jointly with his spouse during the time in question.

While we find that the circuit court did not abuse its discretion under the facts of this case, motions to compel disclosure of a plaintiff's bank account activity should not be granted without providing the plaintiff with an opportunity to be heard in opposition.  In deciding whether a party should be required to disclose bank account information, the trial court should consider the basis for the request, whether another source may provide similar information in a less intrusive manner (
e.g.
 tax returns), determine exactly what, if any, information from the accounts is relevant, and take whatever steps are necessary to insure that the information disclosed is used only for a proper purpose limited to the proceeding before the trial court. 

Plaintiff further argues that he is protected by section 48.1 of the Banking Act. 205 ILCS 5/48.1 (West 1996).  Section 48.1 of the Banking Act provides the following:

"A bank shall disclose financial records under

paragraph (2) of subsection (c) of this Section under a lawful subpoena, summons, warrant, or court order only after a bank mails a copy of the subpoena, summons, warrant or court order to the person establishing the relationship with the bank ***."  205 ILCS 5/48.1 (West 1996).

Plaintiff's reliance on the Banking Act is misplaced.  The Banking Act allows for the disclosure of financial information under a lawful subpoena.  Thus, the Banking Act actually provides support for requiring plaintiff's bank to supply the information  requested by defendant's subpoena.

Finally, plaintiff asks this court to vacate the contempt order because his attorney's conduct was not contemptuous and did not hold the circuit court in disdain or subject it to scorn.  The proper procedure to test on appeal a circuit court's discovery order is for the contemnor to request the trial court to enter a citation of contempt.  
Buckman v. Columbus-Cabrini Medical Center
, 272 Ill. App. 3d 1060, 1067, 651 N.E. 2d 767 (1995).  Here, the record clearly establishes that the conduct of plaintiff's attorney was not contemptuous.  Plaintiff's attorney asked that he be held in "friendly contempt" after he respectfully refused to comply with the discovery request.  Accordingly, we direct the circuit court to vacate the contempt order.  

For the foregoing reasons, the circuit court's order to compel plaintiff to answer additional interrogatories is affirmed and the circuit court's order of contempt is vacated.

Affirmed; contempt order vacated.

CAMPBELL, P.J., and BUCKLEY, J., concur.