# Illinois Official Reports

## Appellate Court

<div style="border:1px solid black">

### *U.S. Bank National Ass'n v. Gagua*, 2020 IL App (1st) 190454

</div>

| | |
|---|---|
| Appellate Court Caption | U.S. BANK NATIONAL ASSOCIATION, as Trustee, in Trust for Registered Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF2, Plaintiff-Appellee, v. KHATUNA GAGUA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee for First Franklin, a Division of National City Bank; JOSEPH S. VARAN; KIRK ETTER; MICHAEL J. FIANDACA; VICTOR OSINKI; BV HOTELS, INC.; GOIN REAL ESTATE LLC 1; VMO, L.L.C.; UNKNOWN OWNERS; and NONRECORD CLAIMANTS, Defendants (Joseph S. Varan and Michael J. Fiandaca, Defendants-Appellants). |
| District & No. | First District, Fifth Division<br>Nos. 1-19-0454, 1-19-0498 cons. |
| Filed | February 7, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-11249; the Hon. John J. Curry, Judge, presiding. |
| Judgment | No. 1-19-0454, Affirmed.<br>No. 1-19-0498, Appeal dismissed. |
| Counsel on Appeal | Michael J. Fiandaca, of Chicago, and Joseph S. Varan, of Hinsdale, appellants *pro se*.<br><br>Blake A. Strautins, of Kluever & Platt, LLC, of Chicago, for appellee. |

JUSTICE ROCHFORD delivered the judgment of the court, with opinion.
Presiding Justice Hoffman and Justice Delort concurred in the judgment and opinion.

# OPINION

¶ 1    In these consolidated appeals, defendants-appellants, Joseph S. Varan and Michael J. Fiandaca, raise a host of challenges to orders entered by the circuit court during this mortgage foreclosure action, which ultimately resulted in the entry of a judgment of foreclosure and an order confirming the subsequent judicial sale. For the following reasons, we reject the arguments raised by Varan and affirm the judgment of the circuit court. We dismiss Fiandaca's appeal for lack of jurisdiction.[1]

¶ 2                                    I. BACKGROUND

¶ 3    The subject of this foreclosure case is a residential property located in Northbrook, Illinois. On December 21, 2006, First Franklin, a division of National City Bank, gave a $1,516,000 loan to the purchaser of the property, defendant Khatuna Gagua, who in turn executed a note promising to repay that loan to First Franklin, with interest. This note was secured by a mortgage on the property executed on the same day by Gagua, naming defendant, Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for First Franklin, as the mortgagee. That same day, Gagua also executed a second mortgage with respect to the property in the amount of $284,250, to secure a second loan in the that amount given by First Franklin to Gagua. MERS was identified as beneficiary of this second mortgage, as nominee for First Franklin.

¶ 4    On July 8, 2014, this foreclosure lawsuit was filed by plaintiff-appellee, U.S. Bank National Association (US Bank), as trustee, in trust for registered holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF2. Attached to the complaint were copies of the original note, mortgage, and an assignment of the mortgage executed by MERS on June 12, 2012, transferring its interest in the mortgage to "U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A. AS SUCCESSOR TO LASALLE BANK, N.A. AS TRUSTEE FOR THE HOLDERS OF THE MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-FF2."

¶ 5    In the complaint, US Bank generally alleged that Gagua had defaulted on the obligation to pay principal and interest when due on September 1, 2009, and each month thereafter, leaving a total amount due and owing in excess of $2.3 million. The complaint identified defendant, VMO, L.L.C., as the current owner of the property. In addition to the foreclosure of the mortgage, a judicial sale of the property, and a personal deficiency judgment against Gagua, the complaint also included as defendants and sought to bar any equitable right to redeem as

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

to, *inter alia*, (1) Varan, with respect to a junior mortgage in the amount of $160,000, recorded on March 23, 2007, and a mortgage modification recorded on February 19, 2010, and (2) Fiandaca, with regard to a $165,000 junior mortgage recorded on October 9, 2007.

¶ 6 Gagua was served by publication but never filed an appearance in this matter. Some of the other named defendants filed appearances and participated in the underlying proceedings, but their participation is not relevant to the issues on appeal. Varan and Fiandaca were each personally served in July 2014.

¶ 7 A. Background Relevant to Varan's Appeal

¶ 8 Varan filed a *pro se* appearance in October 2014, along with a motion to quash service. After Varan agreed to submit to the jurisdiction of the court and was personally served a second time, Varan filed a combined motion to strike or dismiss the complaint, pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2014)). In that motion, Varan asserted—*inter alia*—that the foreclosure complaint should be dismissed because, (1) under section 2-619(a)(2) of the Code, US Bank lacked capacity to file suit because it was "a description and not a real entity" and, (2) under section 2-619(a)(9) of the Code, US Bank had no interest in the mortgage executed by Gagua in light of an assignment of that mortgage attached to the motion to strike or dismiss, which was purportedly recorded prior to the assignment attached to the complaint and which purportedly transferred the interest in the mortgage to an entity other than the plaintiff in this case.

¶ 9 Varan's motion was fully briefed. In his reply brief, Varan continued to assert that "U.S. Bank National Association, as Trustee, in Trust for Registered Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007" was not a "valid, existing, legal entity." Attached to the reply brief was an affidavit executed by Varan, in which he detailed various database searches for that specifically defined entity, all of which yielded no results.

¶ 10 The motion was set for a hearing on January 17, 2017. On that date, the circuit court denied Varan's motion in its entirety.

¶ 11 Varan filed a verified answer and affirmative defenses in February 2017. For his affirmative defenses, Varan argued that (1) US Bank lacked capacity to sue because it did not exist, (2) US Bank lacked standing to sue because it did not own or possess the mortgage or note on the date the complaint was filed, (3) US Bank lacked capacity to sue because it could not be a trustee for a nonexistent trust, (4) First Franklin did not exist and could not enter into any contracts or fund the transaction, (5) the subject indebtedness has been paid in full, and (6) the complaint was barred by the applicable statute of limitations. US Bank moved to strike these affirmative defenses in March 2017, pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)).

¶ 12 In April 2017, Varan served discovery upon US Bank, including document requests, interrogatories, and requests to admit. Asserting that US Bank had not timely responded to these discovery requests and had only sought an extension of time to respond to the requests to admit, in May 2017 Varan filed a motion asking the circuit court to (1) compel US Bank to produce the requested documents and answer interrogatories, (2) deem admitted the facts contained in the unanswered requests to admit, (3) strike US Bank's motion for an extension to answer the requests to admit, (4) grant Varan additional time to respond to the motion to strike his affirmative defenses, as US Bank's discovery responses were needed to properly

respond to that motion, and (5) stay further proceedings pending resolution of the discovery dispute.

¶ 13    In June 2017, the circuit court entered an order in which it (1) granted US Bank's motion for an extension and granted US Bank leave to respond to all of Varan's discovery requests, noting "the same being tendered to defendant Varan in open court," (2) granted Varan's request for an extension to respond to the motion to strike his affirmative defenses but denied the remainder of the relief requested in Varan's motion, and (3) set a briefing schedule on the motion to strike Varan's affirmative defenses and set that motion for hearing in September 2017.

¶ 14    In July 2017, Varan filed a motion in which he asserted that US Bank's discovery responses were insufficient, that "the discovery was mostly objected to and not one document was produced," that there were various purported flaws with regard to the responses to the requests to admit, that repeated efforts to resolve these discovery disputes with US Bank had been unsuccessful, and that the requested discovery "goes directly to the heart of Varan's affirmative defenses and [is] needed to properly respond to Plaintiff's motion to dismiss Varan's affirmative defenses." Varan's motion therefore requested that the circuit court (1) compel US Bank to produce the requested documents and answer interrogatories, (2) deem admitted the facts contained in the requests to admit, (3) strike US Bank's motion for an extension to answer the requests to admit, (4) grant Varan additional time to respond to the motion to strike his affirmative defenses, as discovery responses were needed to properly respond to that motion, and (5) stay further proceedings pending resolution of the discovery dispute.

¶ 15    On September 7, 2017, the circuit court entered an order in which it (1) granted US Bank's motion to strike Varan's affirmative defenses, dismissing the first five affirmative defenses without prejudice and the sixth affirmative defense with prejudice, (2) granted Varan leave to file amended affirmative defenses, and (3) entered and continued Varan's July 2017 motion "generally subject to notice" and granted Varan leave to "amend and/or supplement the same."

¶ 16    In October 2017, Varan filed an amended answer and affirmative defenses. For his amended affirmative defenses, Varan argued that (1) US Bank lacked capacity to sue because it did not exist, (2) US Bank lacked capacity to sue because the underlying trust did not exist, (3) US Bank lacked standing to sue because it did not own or possess the mortgage or note on the date the complaint was filed, (4) First Franklin did not exist and could not enter into any contracts or fund the transaction, (5) the subject indebtedness has been paid in full, a claim with respect to which Varan asserted he required discovery to determine the exact amount paid and that this defense was therefore being repleaded to "preserve [it] for appeal and after discovery is produced," and (6) the complaint was barred by the applicable statute of limitations, a defense that had been dismissed with prejudice and which was specifically repleaded solely to preserve it for appeal.

¶ 17    US Bank moved to strike these amended affirmative defenses in November 2017, again pursuant to section 2-615 of the Code. Therein, US Bank argued—*inter alia*—that the first and third amended affirmative defenses were "materially identical" to arguments raised in Varan's motion to strike or dismiss the complaint and those arguments had been rejected by the circuit court. Therefore, US Bank asserted that these arguments were barred by the "law of the case" doctrine.

¶ 18    After full briefing and a hearing, the circuit court granted the motion to strike Varan's amended affirmative defenses on March 21, 2018. After noting in its written order that it found

"merit in the arguments asserted in plaintiff's motion and reply brief," the circuit court further specifically found that (1) the first and second affirmative defenses had no basis in law and are not appropriate under the facts, (2) Varan lacked standing to raise the arguments asserted in the third and fourth affirmative defenses, and (3) the fifth and sixth affirmative defenses were properly stricken pursuant to the prior order entered by the court.

¶ 19 On June 14, 2018, US Bank filed a motion for summary judgment, supported by an affidavit of amounts due and owing pursuant to Illinois Supreme Court Rule 113 (eff. Jan. 1, 2018). In response thereto, Varan filed a notice of deposition for a representative of US Bank and, after US Bank filed a motion to strike that notice, an affidavit containing his justification as to why he needed to take the deposition of US Bank's keeper of records in order to fully respond to the summary judgment motion, pursuant to Illinois Supreme Court Rule 191(b) (eff. Jan. 4, 2013). Varan also filed a "supplement" to his July 2017 motion, which comprised US Bank's discovery responses.

¶ 20 On August 1, 2018, following a hearing, the circuit court entered an order in which it, *inter alia*, (1) entered and continued generally US Bank's motion to strike Varan's notice of deposition, "subject to re-notice, and the deposition sought by defendant Varan is stayed pending a ruling on plaintiff's motion for summary judgment," and (2) denied Varan's July 2017 motion, with the denials of Varan's requests to compel US Bank to respond to discovery and grant Varan additional time to respond being without prejudice. In so ruling, the circuit court specifically found that Varan's affidavit under Rule 191(b) was "deficient for failing to indicate material facts known and that there is no basis shown to allow additional discovery under Rule 191(b)."

¶ 21 On August 24, 2018, Varan filed a motion seeking leave to file, *instanter*, a motion to strike the affidavit attached to US Bank's motion for summary judgment, as well as documents associated with that affidavit that were attached to the summary judgment motion. That motion was granted in an order entered on August 31, 2018, in which the circuit court also ruled that Varan's motion to strike would "serve as his response to Plaintiff's motion for summary judgment." All pending motions were set for hearing on October 16, 2018.

¶ 22 On that date, the circuit court entered an order in which it denied Varan's motion to strike "for the reasons stated on the record." In the report of proceedings, the circuit court explained that the affidavit attached to the motion for summary judgment was in "substantial compliance" with all requirements and therefore should not be stricken. As there was no other challenge to the motion for summary judgment and a review of the motion for summary judgment reflected US Bank's right to the relief sought, the circuit court indicated that the motion for summary judgment and "its attendant motions will be granted." Thus, on the same day, the circuit court also entered separate written orders granting summary judgment and a judgment of foreclosure and sale in favor of US Bank, as well as an order appointing a sales officer.

¶ 23 B. Background Relevant to Fiandaca's Appeal

¶ 24 Meanwhile, Fiandaca first filed a *pro se* appearance in this matter in January 2018, well over three years after he was personally served. Along therewith, Fiandaca also filed a motion seeking a substitution of judge, asking the circuit court to vacate all technical defaults and requesting leave to file a counterclaim for foreclosure. No proposed pleading was attached to the motion. That portion of the motion requesting substitution of judge was granted as of right, with the remainder of the motion stricken without prejudice due to defective notice.

¶ 25    Nevertheless, on March 21, 2018, the circuit court addressed the remainder of Fiandaca's motion following reassignment to a new judge. According to an agreed statement of facts contained in the record, at that hearing US Bank objected to the remainder of Fiandaca's motion on the grounds that no proposed counterclaim was attached. In response, Fiandaca responded by noting that he had not previously been found in default and indicated that, with respect to what counterclaim he sought to file, he intended to "assert arguments challenging Plaintiff's right to foreclose similar to those asserted by Defendant Varan in his amended affirmative defenses." The circuit court then denied the remainder of Fiandaca's motion, as well as Fiandaca's oral request to file an answer to the complaint.[2]

¶ 26    On July 25, 2018, Fiandaca filed a motion for leave to file a response to US Bank's motion for summary judgment, without attaching a proposed response and despite defendants having been previously granted 28 days to respond to that motion on July 6, 2018. That motion was denied on August 1, 2018, due to Fiandaca's failure to comply with the circuit court's standing orders regarding delivery of courtesy copies. The motion was refiled, again without a proposed response attached, and following a hearing that motion was thereafter denied on the merits in a written order entered on August 17, 2018.

¶ 27                    C. Resolution of This Matter Below and Appeals

¶ 28    The property was sold by the appointed sales officer on January 17, 2019, with US Bank being the highest bidder. While the sale resulted in a deficiency, US Bank did not seek a personal deficiency judgment against Gagua. An order approving the report of sale and distribution, confirming the judicial sale, and for possession was entered on February 8, 2019.

¶ 29    Varan filed a notice of appeal on March 5, 2019 (appeal No. 1-19-0454), in which he specifically sought review of "the order entered on February 8, 2019 that granted Plaintiff's motion for an order approving the report of sale and distribution; for confirmation of the judicial sale and for possession, and all prior orders leading up to that order." Fiandaca filed a notice of appeal on March 11, 2019 (appeal No. 1-19-0498), in which he specifically sought to appeal from the

> "order of the Circuit Court of Cook County, Illinois entered on March 21, 2018, denying defendant Michael Fiandaca leave to vacate technical defaults and to file counterclaim, and [from the] order of the Circuit Court of Cook County, Illinois, entered on August 17, 2018, denying defendant-appellant's motion for leave to file a response to plaintiff's motion for summary judgment."

In an order entered by this court on April 2, 2019, these two appeals were consolidated.

¶ 30                                II. ANALYSIS
¶ 31                              A. Varan's Appeal
¶ 32    Varan's first argument on appeal is that the circuit court improperly struck his amended affirmative defenses.

---

[2]As noted above (*supra* ¶ 15), Varan's amended affirmative defenses were also stricken at the same hearing.

## 1. Affirmative Defenses

The principles guiding our review of this issue are well established and can be summarized as follows:

> "An affirmative defense is one in which the defendant gives color to his opponent's claim but asserts new matter which defeats an apparent right in the plaintiff. [Citation]. A motion to strike an affirmative defense pursuant to section 2-615 of the Code [citation] challenges the legal sufficiency of the affirmative defense. [Citation.] In order to set forth an affirmative defense, sufficient facts must be alleged to satisfy each element of the affirmative defense. [Citation.] When determining the sufficiency of any claim or defense, the court will disregard any conclusions of fact or law that are not supported by allegations of specific fact. [Citation.] A trial court striking an affirmative defense as inadequate as a matter of law is subject to *de novo* review." (Internal quotation marks omitted.) *Hartmann Realtors v. Biffar*, 2014 IL App (5th) 130543, ¶ 20.

We may affirm the circuit court's ruling on a section 2-615 motion for any reason supported by the record, regardless of the trial court's reasoning. *Chang Hyun Moon v. Kang Jun Liu*, 2015 IL App (1st) 143606, ¶ 11.

For his first amended affirmative defense, Varan asserted that the named plaintiff in this matter is "U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE IN TRUST, FOR REGISTERED HOLDERS OF FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-FF2." Varan then detailed various database searches he completed for that specifically defined entity in 2017, all of which "indicate[ ] that the named Plaintiff does not exist." Based upon these assertions, Varan contended that the plaintiff in this case "does not exist" and therefore is "not a person or other legal entity capable of suing."

There are several flaws with the first affirmative defense, any of which justifies the circuit court's decision to strike. First, this exact same argument was raised in that portion of Varan's motion to strike or dismiss brought pursuant to section 2-619(a)(2) of the Code, the issue was fully briefed by the parties, and this argument was rejected when the circuit court denied that motion in its entirely.

"Under section 2-619(d), where a party has previously raised affirmative defenses by a section 2-619 motion and the court has disposed of the motion on its merits, the court has adjudicated all the grounds set forth in the motion and the party cannot raise the affirmative defenses again on the same grounds ***." *Makowski v. City of Naperville*, 249 Ill. App. 3d 110, 117-18 (1993); 735 ILCS 5/2-619(d) (West 2018). It is at least arguable that this issue was previously disposed of on the merits under section 2-619, such that Varan was barred from raising it in his amended affirmative defenses.

Even if that were not the case, we also note that Varan is simply incorrect with respect to his identification of the plaintiff in this matter. The actual plaintiff in this matter is "US Bank National Association," which brought this suit in its capacity as trustee "in Trust, for Registered Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF2." "In general, a trustee represents the beneficiaries in actions to which he is a party ***." *In re Estate of Rubloff*, 268 Ill. App. 3d 1070, 1077-78 (1994). More specifically, a plaintiff can maintain a lawsuit although the beneficial ownership of the note is in another person, Illinois does not require that a foreclosure action be filed by the owner of

the note and mortgage, and a trustee may itself file a mortgage foreclosure action. *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 7 (2010).

¶ 39    This renders Varan's asserted database searches for some entity other than "US Bank National Association" irrelevant. Additionally, nowhere in his first amended affirmative defense does Varan claim that "US Bank National Association"—the actual plaintiff in this case—does not itself exist or that it lacks capacity to bring this suit.

¶ 40    Finally, we note that nowhere in this affirmative defense does Varan include any allegations of specific fact as to why his database searches should have been able to identify the entity he claimed was the plaintiff if it did in fact exist, nor any specific facts explaining his contention that these searches "indicate[ ] that the named Plaintiff does not exist." We therefore must disregard the unsupported conclusion of law and fact that the plaintiff in this case "does not exist" and therefore is "not a person or other legal entity capable of suing." See *Biffar*, 2014 IL App (5th) 130543, ¶ 20.

¶ 41    For all the foregoing reasons, we find that the circuit court properly struck Varan's first amended affirmative defense.

¶ 42    For his second amended affirmative defense, Varan similarly claimed that the "named trust party plaintiff" in this suit is "REGISTERED HOLDERS OF FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-FF2," and that various database searches he completed for that specifically defined entity "indicate[ ] that the Alleged Trust does not exist." Therefore, Varan contended that the trust did not exist and lacked capacity to sue.

¶ 43    Many of our above findings apply here. First, it is "US Bank National Association" that is the actual plaintiff in this case, and the second amended affirmative defense does not contend that this entity does not exist or that it lacks capacity to bring this suit. And second, nowhere in this affirmative defense does Varan include any allegations of specific fact as to why his database searches should have been able to identify the entity he claimed was the "Alleged Trust" if it did in fact exist, nor any specific facts explaining his contention that these searches "indicate[ ] that the Alleged Trust does not exist." Disregarding these unsupported conclusions of law and fact, we find that this affirmative defense was properly stricken.

¶ 44    Varan's third amended affirmative defense asserted that US Bank lacked standing to sue because it did not own or possess the note or mortgage on the date the complaint was filed.

¶ 45    With respect to the note, we observe that, in the complaint, US Bank asserted that it had standing to bring this suit because "Plaintiff (the note holder) has the right to foreclose because it is the holder of the note and security instrument." A copy of the note, endorsed in blank, was attached to the complaint. "The mere fact that a copy of the note is attached to the complaint is itself *prima facie* evidence that the plaintiff owns the note." *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24; *CitiMortgage, Inc. v. Moran*, 2014 IL App (1st) 132430, ¶ 40 ("the party holding the note is presumed to own it"). "As the legal holder of the indebtedness, US Bank was therefore entitled to file the foreclosure action." *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶ 37.

¶ 46    In seeking to overcome these well-recognized points of law, Varan's third affirmative defense merely asserted that: (1) the person who endorsed the note "was not an officer, director or owner" of the endorsing entity, (2) the endorser was "not authorized to sign on behalf of Lender," and (3) therefore, "Lender has never endorsed or transferred the Note." Once again,

however, these broad conclusions of fact and law are not supported by any allegations of specific fact and must be disregarded. *Biffar*, 2014 IL App (5th) 130543, ¶ 20; *Alford v. Phipps*, 169 Ill. App. 3d 845, 857 (1988) ("mere conclusions of law, argumentative matter, or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest are irrelevant and must be disregarded by the trial court in ruling on a motion to dismiss").

¶ 47     With respect to the mortgage, Varan asserted that US Bank had no interest in the mortgage executed by Gagua in light of an assignment of that mortgage, which was purportedly recorded prior to the assignment attached to the complaint and which transferred the interest in the mortgage to an entity other than the plaintiff in this case. Varan also asserts that the mortgage assignment attached to the complaint conflicts with the allegations of the complaint itself and establishes that the mortgage itself was never actually assigned to US Bank.[3]

¶ 48     Initially, we note that the first argument was specifically included in that portion of Varan's motion to strike or dismiss filed pursuant to section 2-619(a)(9) and, for the reasons discussed above, is arguably barred by section 2-619(d) of the Code. See *supra* ¶ 37.

¶ 49     That aside, both of these arguments with respect to assignment of the mortgage are irrelevant. Again, US Bank's standing to file this suit was premised upon its status as holder of the note. Under Illinois law "[t]he assignment of a mortgage note carries with it an equitable assignment of the mortgage by which it was secured." *Federal National Mortgage Ass'n v. Kuipers*, 314 Ill. App. 3d 631, 635 (2000); see also *Moore v. Lewis*, 51 Ill. App. 3d 388, 391-92 (1977) ("Indeed a mortgage, which in this State is only regarded as a mere incident to the debt [citations], is not assignable at law. [Citations.] It is the debt which is assigned, and the transfer of the debt carried with it the mortgage security."). Any possible technical defects with respect to the assignment of the mortgage, a mere incident to the debt, are irrelevant where US Bank was holder of the note and therefore also entitled to an equitable assignment of the mortgage.

¶ 50     Varan's third amended affirmative defense was therefore properly stricken.

¶ 51     In his fourth amended affirmative defense, Varan argued that First Franklin did not exist and therefore could not enter into any contracts or fund the transaction.

¶ 52     In support of this argument, Varan's affirmative defense first asserted that a different entity, "First Franklin Financial" and not First Franklin, funded the note. Once again, however, there are no allegations of specific fact pleaded in support this conclusory statement.

¶ 53     Varan then indicates that various database searches for First Franklin in October 2017 "indicate[ ] that the Lender did not exist." First, we note that the same infirmities with Varan's allegations regarding his database searches we discussed above also apply here. Second, and more fundamentally, the complaint and the note attached thereto clearly indicate that the note was executed in December 2006, in connection with a loan issued at that same time. We fail to see—and Varan's defense did not even attempt to establish—how the results of any database searches for First Franklin in October 2017 have any relevance to the question of whether First Franklin was in existence 11 years prior, when the loan was funded and the note executed.

¶ 54     Varan's fourth amended affirmative defense was therefore properly stricken.

---

[3]For reference, compare the language identifying the plaintiff in the complaint with the language identifying the assignee of the mortgage in the assignment attached the complaint, as quoted above (*supra* ¶ 4).

¶ 55    Varan's fifth and sixth amended affirmative defenses were specifically pleaded to "preserve [them] for appeal." In his opening brief, Varan claims that this was proper and necessary, citing *Brunton v. Kruger*, 2015 IL 117663, ¶ 76, for the proposition that our supreme court "require[s] parties to preserve issues or claims for appeal." Varan therefore asserts in his opening brief that the circuit court erred when it concluded that "the fifth and sixth affirmative defenses were properly stricken pursuant to the prior order entered by the court."

¶ 56    Varan is certainly correct that he properly repleaded his fifth and sixth affirmative defenses to preserve them for appeal, as appellate review is forfeited if a party fails to refer to, adopt, or otherwise incorporate prior pleadings in an amended pleading. *Wade v. Stewart Title Guaranty Co.*, 2017 IL App (1st) 161765, ¶ 70. However, we reject any contention that the circuit court erred in concluding that the fifth and sixth amended affirmative defenses were "properly stricken pursuant to the prior order entered by the court." From the record as a whole, it is clear that the circuit court recognized that Varan was explicitly repleading these two defenses to preserve them for appellate review, and it then struck those defenses again, and for the same reasons as before, to allow for just that appellate review.

¶ 57    Moreover, this was the *only* argument Varan raised in his opening brief in support of these two defenses. He made no argument as to the substantive merits of these two defenses and no argument as to why it was improper to strike them in the first instance. Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018) requires an appellant's opening brief to include an argument section, "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." While Varan does include some discussion of the merits of the fifth affirmative defense (but not the sixth defense) in his reply brief, points not argued in an appellant's opening brief "are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." *Id.* We therefore find any argument as to the substantive merits of Varan's fifth and sixth affirmative defenses has been forfeited, and we therefore affirm the circuit court's decision to strike these two defenses.

¶ 58    In sum, we affirm the circuit court's decision to strike each of Varan's six amended affirmative defenses.

¶ 59                                    2. Discovery Rulings

¶ 60    We now turn to Varan's challenge to two of the circuit court's orders with respect to his discovery requests. The principles applied to these questions are also well established and can be summarized as follows:

> "Traditionally, the trial court is accorded great latitude in determining the scope of discovery, as discovery presupposes a range of relevance and materiality which includes not only what is admissible at trial, but also that which leads to what is admissible at trial. [Citation.] A trial court's rulings on discovery matters will not be disturbed on appeal absent a manifest abuse of discretion. [Citation.] A court abuses its discretion when its ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court. [Citation.] This standard of review is highly deferential to the trial court." (Internal quotation marks omitted.) *Motorola Solutions, Inc. v. Zurich Insurance Co.*, 2015 IL App (1st) 131529, ¶ 138.

¶ 61    Varan first contends that the circuit court abused its discretion by failing to grant that portion of his July 2017 motion that sought to compel US Bank to more fully comply with his

discovery requests and to do so before a ruling on US Bank's motion for summary judgment. Varan contends that this discovery was improperly denied to him, as the discovery requested was directly related to the affirmative defenses he sought to assert.

¶ 62    As an initial matter, to the extent that we have concluded that Varan's affirmative defenses were properly stricken as a matter of law, our decision renders Varan's request for additional discovery responses related to those defenses moot. "Generally, courts of review do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." *In re Jonathan P.*, 399 Ill. App. 3d 396, 400 (2010).

¶ 63    To the extent that we have affirmed striking the affirmative defenses for pleading insufficiencies that additional discovery responses might *arguably* have cured, we find that Varan has either forfeited this issue or failed to show that the circuit court committed a manifest abuse of discretion.

¶ 64    It must be remembered that US Bank *did* respond to Varan's discovery request in open court in June 2017. In response, Varan filed a motion in July 2017 in which he asserted that US Bank's discovery responses were insufficient, "the discovery was mostly objected to and not one document was produced," and there were various purported flaws with regard to the responses to the requests to admit. While the motion includes some amount of detailed argument with respect to these contentions, no such detailed argument has been presented to this court on appeal.

¶ 65    Rather, Varan merely broadly claims on appeal that "Varan's discovery was directly related to the defenses he sought to assert. By denying Varan's Second Motion to Compel, the trial court effectively barred Varan from curing any pleading insufficiency." Varan cites no legal authority in support of this argument. Neither does Varan's argument on appeal include any detailed discussion of any of his discovery requests, nor US Bank's specific objections thereto, nor the purported flaws in US Bank's responses to Varan's requests to admit.

¶ 66    Again, Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018) provides that the appellant's brief shall include an argument containing the appellant's contentions, the reasons therefor, and citation of the authorities. "An issue not clearly defined and sufficiently presented fails to satisfy the requirements of Supreme Court Rule 341(h)(7) and is, therefore, [forfeited]." *In re Detention of Lieberman*, 379 Ill. App. 3d 585, 610 (2007). "The fact that a party appears *pro se* does not relieve that party from complying as nearly as possible [with] the Illinois Supreme Court Rules for practice before this court." *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8.

¶ 67    On this record and in light of the above authority, we conclude that Varan has forfeited this issue. Even if we did not so conclude, the paucity of Varan's arguments with respect to this issue would lead us to conclude that he has failed to meet his burden of showing that the circuit court committed a manifest abuse of discretion. See *Dufour v. Mobile Oil Corp.*, 301 Ill. App. 3d 156, 160 (1998) ("A trial court's ruling on a motion to compel discovery will stand absent a manifest abuse of discretion affirmatively and clearly shown by the appellant.").

¶ 68    Varan next contends that the circuit court abused its discretion in denying his request to depose US Bank's keeper of records before ruling on the motion for summary judgment. For a variety of reasons, we disagree.

¶ 69　　　Illinois Supreme Court Rule 191(b) (eff. Jan. 4, 2013) allows a party defending against a motion for summary judgment to submit an affidavit in response. More specifically, the rule provides that if such an affidavit

> "contains a statement that any of the material facts which ought to appear in the affidavit are known only to persons whose affidavits affiant is unable to procure by reason of hostility or otherwise, naming the persons and showing why their affidavits cannot be procured and what affiant believes they would testify to if sworn, with his reasons for his belief, the court may make any order that may be just, either granting or refusing the motion, or granting a continuance to permit affidavits to be obtained, or for submitting interrogatories to or taking the depositions of any of the persons so named, or for producing documents in the possession of those persons or furnishing sworn copies thereof. The interrogatories and sworn answers thereto, depositions so taken, and sworn copies of documents so furnished, shall be considered with the affidavits in passing upon the motion." *Id.*

¶ 70　　　Additional discovery is only allowable under this rule if a party shows that there are "material facts" the affiant is unable to procure. As Varan himself acknowledges on appeal, the facts that he sought to obtain by taking a discovery deposition of US Bank's keeper of records were purportedly material to his affirmative defenses. Those affirmative defenses had all been stricken by the time Varan filed his Rule 191(b) affidavit, a ruling we have affirmed. Therefore, the circuit court did not abuse its discretion in refusing to provide Varan an opportunity to conduct additional discovery purportedly material only to those stricken defenses.

¶ 71　　　Moreover, the circuit court specifically concluded that the affidavit did not show "material facts *known*" (emphasis added), recognizing that Rule 191(b) required that Varan not only show the material facts he believes the deponent would testify to, but also explain Varan's reasons for that belief. Varan has not provided *any* argument on appeal as to the second part, and for the same reasons discussed above (*supra* ¶¶ 66-67), we find that Varan has either forfeited this issue or failed to show that the circuit court committed a manifest abuse of discretion.

¶ 72　　　For the foregoing reasons, we reject the challenges to the circuit court's discovery rulings raised by Varan on appeal.

¶ 73　　　　　　　　　　　　　　　　　3. Summary Judgment

¶ 74　　　We now turn to Varan's challenge to the circuit court's denial of his motion to strike US Bank's Rule 113 affidavit, and its order granting summary judgment in favor of US Bank.

¶ 75　　　Turning first to the circuit court's ruling on the motion to strike, we note that, "[i]n general, this court reviews a circuit court's decision on a motion to strike an affidavit for an abuse of discretion, but when the motion 'was made in conjunction with the court's ruling on a motion for summary judgment,' we employ a *de novo* standard of review with respect to the motion to strike." *Avdic*, 2014 IL App (1st) 121759, ¶ 18 (quoting *Jackson v. Graham*, 323 Ill. App. 3d 766, 773 (2001)).

¶ 76　　　Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) generally provides that affidavits in support of a motion for summary judgment "shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or

defense is based; shall have attached thereto sworn or certified copies of all documents upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." "An affidavit satisfies the requirements of Rule 191(a) if from the document as a whole it appears the affidavit is based on the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents." (Internal quotation marks omitted.) *Madden v. F.H. Paschen/S.N. Nielson, Inc.*, 395 Ill. App. 3d 362, 386 (2009).

¶ 77 More specifically, Illinois Supreme Court Rule 113(c)(1) (eff. July 1, 2018), provides that "All plaintiffs seeking a judgment of foreclosure, under section 15-1506 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1506), by default or otherwise, shall be required to submit an affidavit in support of the amounts due and owing under the note when they file any motion requesting a judgment of default against a mortgagor or a judgment of foreclosure." Rule 113(c)(2) further provides:

> "All affidavits submitted in support of entry of a judgment of foreclosure, default or otherwise, shall contain, at a minimum, the following information:
>
> (i) The identity of the affiant and an explanation as to whether the affiant is a custodian of records or a person familiar with the business and its mode of operation. If the affiant is a person familiar with the business and its mode of operation, the affidavit shall explain how the affiant is familiar with the business and its mode of operation.
>
> (ii) An identification of the books, records, and/or other documents in addition to the payment history that the affiant reviewed and/or relied upon in drafting the affidavit, specifically including records transferred from any previous lender or servicer. The payment history must be attached to the affidavit in only those cases where the defendant(s) filed an appearance or responsive pleading to the complaint for foreclosure.
>
> (iii) The identification of any computer program or computer software that the entity relies on to record and track mortgage payments. Identification of the computer program or computer software shall also include the source of the information, the method and time of preparation of the record to establish that the computer program produces an accurate payment history, and an explanation as to why the records should be considered 'business records' within the meaning of the law." Ill. S. Ct. R. 113(c)(2) (eff. July 1, 2018).

Finally, Rule 113(c)(4) states that the "affidavit prepared shall, at a minimum, be prepared by utilizing, or substantially adopting the appearance and content of, the form provided in the Article II Forms Appendix." Ill. S. Ct. R. 113(c)(4) (eff. July 1, 2018).

¶ 78 Below, the circuit court concluded that the Rule 113 affidavit filed in support of US Bank's motion for summary judgment was in "substantial compliance" with all of these requirements and should not be stricken. Having reviewed the affidavit again on appeal, we agree. In reaching this conclusion, we reject the following specific arguments Varan raises on appeal.

¶ 79 First, Varan complains that the affiant is only identified by name on the last page of the Rule 113 affidavit, where the standard form provided in the forms appendix would have the affiant self-identify by name in the first paragraph. However, Rule 113(c)(4) clearly states that

the affidavit need only "substantially" adopt the appearance and content of the form provided. *Id.* We reject Varan's contention that the affidavit supplied by US Bank failed to do so in this regard.

¶ 80    Second, Varan complains that the Rule 113 affidavit failed to include an explicit statement from the affiant that, if she was called to testify at the trial of this matter, she could competently testify as to the facts contained in the affidavit, as called for in paragraph one of the standard form. Once again, however, Rule 113(c)(4) clearly states that the affidavit need only "substantially" adopt the appearance and content of the form provided. *Id.* Furthermore, it has long been recognized that "[c]ompliance with the requirement that an affidavit must affirmatively show that the affiant is qualified to testify at trial is to be determined from the contents of the affidavit itself, and an express statement to that effect is neither helpful nor required." *Rinchich v. Village of Bridgeview*, 235 Ill. App. 3d 614, 623 (1992). US Bank's affidavit satisfied this requirement.

¶ 81    Varan next notes that the affidavit indicates that Gagua's loan had been previously serviced by another entity and that the Rule 113 affidavit fails to include the amount by which the loan was in default at the time it was transferred to the current servicer in 2012, as is called for in the second paragraph of the standard form provided in the forms appendix. As an initial matter, we note that this particular information is not explicitly required by the text of Rule 113 itself (see *supra* ¶ 77), and reiterate that US Bank was only under an obligation to "substantially" adopt the content of the form provided. Furthermore, we reject any contention that the entirety of the Rule 113 affidavit should have been stricken due to this relatively minor omission.

¶ 82    Next, Varan contends that the affidavit failed to specifically identify the records the affiant reviewed in calculating the amount due, as required by section (c)(2)(ii) of Rule 113 and paragraph three of the standard form provided in the forms appendix, but instead only referring generally to "business record." This is simply untrue. The affidavit includes a great deal of detailed information regarding the computerized loan servicing system the affiant utilized to make the calculation, which included the loan file transferred from the prior servicer. The affiant also identified loan disbursement and payment history, as well as the loan agreements themselves, as documents she reviewed. The affiant also included copies of the payment history and business records she reviewed as attachments to the affidavit.

¶ 83    Varan also faults the Rule 113 affidavit for including the balance due in an itemized calculation in paragraph 6, but then stating in paragraph 10 that the "net amount due itemized *below*" (emphasis added) was based upon the affiant's review of various business records. We find Varan's argument that such a simple typographical error warrants striking the affidavit to be wholly unfounded.

¶ 84    Next, Varan complains that the late charges and *per diem* interest rate calculated by the affiant are inconsistent with the attached exhibits. As US Bank rightly points out, however, the purported inconsistency Varan cites amounts to US Bank opting *not* to impose late charges, even though it was entitled to do so under the loan agreement, and US Bank imposing—at least by Varan's calculation—a *per diem* interest rate slightly *less* than it was entitled to under the loan. We fail to see why the Rule 113 affidavit should have been stricken on this basis.

¶ 85    Finally, we note that in his opening brief Varan also baldly stated that "other defects raised in Varan's motion to strike[ ] should properly have resulted in the striking of US Bank's affidavit of amounts due and owing." Varan's opening brief contains no detail with respect to such other defects and contains no discussion with respect thereto. While there is some

discussion of these issues in Varan's reply brief, for the reasons discussed above (*supra* ¶¶ 57, 66) we find these arguments have been forfeited.

¶ 86    Finally, having determined that the trial court did not err in denying Varan's motion to strike the Rule 113 affidavit, and considering that Varan never otherwise challenged the motion for summary judgment or submitted any counteraffidavit contradicting the allegations contained therein, the statements in the Rule 113 affidavit "must be taken as true for purposes of the motion." (Internal quotation marks omitted.) *Avdic*, 2014 IL App (1st) 121759, ¶ 31. Therefore, the circuit court did not err in granting summary judgment in favor of US Bank.

¶ 87                                    B. Fiandaca's Appeal

¶ 88    While neither party has questioned this court's appellate jurisdiction as to Fiandaca's appeal, we have a duty to *sua sponte* determine whether we have jurisdiction to decide the issues presented. *Cangemi v. Advocate South Suburban Hospital*, 364 Ill. App. 3d 446, 453 (2006). After review, we conclude that appellate jurisdiction is lacking as to Fiandaca's appeal.

¶ 89    Except as specifically provided by Illinois Supreme Court rules not applicable here, this court only has jurisdiction to review final judgments, orders, or decrees. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994). "A judgment or order is final for purposes of appeal if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy, and, if affirmed, the only task remaining for the trial court is to proceed with execution of the judgment." *Brentine v. DaimlerChrysler Corp.*, 356 Ill. App. 3d 760, 765 (2005).

¶ 90    Furthermore, a proper notice of appeal is the jurisdictional step that commences appellate review, and without a complete notice we must dismiss the appeal for lack of jurisdiction. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017) requires that the notice of appeal specify the judgment, part of a judgment, or other orders appealed from and the relief sought from the reviewing court. "A notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal." *General Motors Corp.*, 242 Ill. 2d at 176.

¶ 91    As noted above (*supra* ¶ 29), Fiandaca's notice of appeal *only* sought review of the order denying him leave to vacate technical defaults and to file a counterclaim and the order denying him leave to file a response to US Bank's motion for summary judgment. Notably, an order denying leave to file an amended pleading is not a final, appealable order. *In re Application of Anderson*, 142 Ill. App. 3d 238, 239-40 (1986); *Stutzke v. Edwards*, 58 Ill. App. 3d 832, 835 (1978); 735 ILCS 5/2-616(a) (West 2018) ("At any time before final judgment amendments may be allowed on just and reasonable terms ***."). Certainly, neither order disposed of the rights of the parties, either on the entire case or on some definite and separate part of the controversy, leaving for the circuit court only the task of proceeding with execution of the judgment, should we affirm. *Brentine*, 356 Ill. App. 3d at 765.

¶ 92    As such, neither order is a final, appealable order under Rule 301, as Fiandaca improperly asserts in his brief on appeal. Because these are the only two orders identified in Fiandaca's notice of appeal, we simply lack jurisdiction to review them. See Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017); *General Motors Corp.*, 242 Ill. 2d at 176.

¶ 93    It is true that there is an exception to this rule, where a judgment specified in the notice of appeal directly relates back to the unspecified order sought to be reviewed. See *Burtell v. First*

*Charter Service Corp.*, 76 Ill. 2d 427, 435 (1979) ("[T]he unspecified judgment is reviewable if it is a 'step in the procedural progression leading' to the judgment specified in the notice of appeal. [Citation.]"). This is because "the appeal from a subsequent final judgment 'draws in question all prior non-final orders and rulings which produced the judgment.' [Citation.]" *Id.* at 433.

¶ 94    In this particular context, "it is the order confirming the sale *** that operates as the final and appealable order in a foreclosure case." *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 11. Had Fiandaca appealed from that final judgment, as Varan did, but failed to identify the two orders he now asks this court to review, he could have taken advantage of this exception. He did not do so, however. Rather, Fiandaca filed a notice of appeal solely seeking review of two prior, nonfinal orders. As such, we have no choice but to dismiss his appeal for lack of appellate jurisdiction.

¶ 95                                    III. CONCLUSION

¶ 96    With respect to Varan's appeal, for the foregoing reasons we affirm the judgment of the circuit court. Fiandaca's appeal is dismissed for lack of jurisdiction.

¶ 97        No. 1-19-0454, Affirmed.

¶ 98        No. 1-19-0498, Appeal dismissed.