2020 IL App (1st) 182651-U

Nos. 1-18-2651 and 1-19-0714 (cons.)

Order filed September 30, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ROBERT ANTONSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| | ) | |
| v. | ) | Nos. 17 CH 16724 |
| | ) | 18 CH 01981 |
| | ) | |
| THE DEPARTMENT OF HUMAN SERVICES | ) | |
| and SECRETARY OF HUMAN SERVICES | ) | Honorable |
| GRACE HOU, | ) | David B. Atkins and |
| | ) | Celia Gamrath, |
| Defendants-Appellees. | ) | Judges, presiding. |

_____

JUSTICE PIERCE delivered the judgment of the court.
Presiding Justice Griffin and Justice Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:   In this consolidated appeal, we affirm the dismissals of plaintiff's appeals from a decision of the Department of Human Services on certain benefits when he failed to attend the appeal hearing or provide good cause for his nonattendance. Plaintiff's other unsupported arguments on appeal are forfeited.

¶ 2      In this consolidated appeal, *pro se* plaintiff Robert Antonson appeals from orders of the circuit court dismissing and denying his two petitions for administrative relief against defendants, the Department of Human Services (DHS) and Secretary of Human Services Grace Hou. The petitions for administrative relief arose from two orders entered by DHS, which dismissed a single appeal brought by plaintiff regarding the amount of Supplemental Nutrition Assistance Program (SNAP) benefits awarded to a member of plaintiff's family. On appeal, plaintiff contends that the DHS orders dismissing his appeal were illegal and violated defendants' rules. He further contends that the circuit court erred as to both his petitions for administrative review when it denied his motions to compel defendants to "produce the entire record of proceedings." We affirm.

¶ 3      The following facts are derived from the common law records in appeal numbers 18-2651 and 19-0714, which includes the administrative records filed by defendants in each circuit court proceeding.

¶ 4      On October 24, 2017, DHS sent a notice to Ionela Antonson stating that she was approved for $480 in SNAP benefits and had the right to appeal this decision within 60 days. Plaintiff appealed and the appeal was assigned number 1700248132.[1]

¶ 5      A November 13, 2017 letter from the DHS Appeals Office to plaintiff stated that a hearing officer would hear the appeal at 9 a.m. on November 29, 2017, at 8001 Lincoln Avenue in Skokie,

---

[1] The notice was not addressed to plaintiff, but given that plaintiff was apparently "receiv[ing] financial *** assistance" as part of the household, he had the right to appeal the benefit award.  See 89 Ill. Adm. Code 10.280(a) (eff. Nov. 26, 1997) ("[a]ny individual who applies for or receives financial or medical assistance, social services or food stamp benefits shall have the right to appeal ***"); see also 89 Ill. Adm. Code 121.1(c) (eff. Feb. 7, 2014) ("An application for SNAP participation may be made by the head of the household, spouse, another household member or an adult non-household member designated by the household as an authorized representative.").

and that plaintiff should be prepared to stay the entire morning or afternoon. The letter further stated:

> "If you want to change the method of conducting the hearing, you can use the ABE Appeals Portal (abe.illinois.gov/abe/access/appeals) or contact the Appeals Office for approval prior to the hearing date. Your request to change the method of conducting the hearing is not approved until you receive confirmation from the Appeals Office.
>
> ***
>
> If you are unable to be at this hearing, you must contact the Appeals Office through the ABE Appeals Portal https://abe.illinois.gov/abe/access/appeals or the contact information as listed above. ***
>
> If the Appeals Office does not notify you that a postponement has been granted, you will be expected to be available on the above date. Failure to be available, to participate or to proceed will result in this appeal being dismissed unless you show that unexpected circumstances prohibited you from being available. You must show that your absence was the result of a death in the family, personal injury or illness that reasonably prohibited you from attending the hearing, a sudden and unexpected emergency, or other circumstances beyond your control that reasonably prevented you from being available for the hearing."

¶ 6 The letter also stated that if plaintiff were unable to attend the hearing, he must request a new date in writing and that if the appeal involved SNAP benefits, the first request for a new date did not require showing good cause and could be made at any time prior to the hearing.

¶ 7    In a November 21, 2017 email to DHS, plaintiff requested that the hearing be conducted via telephone conference because an in-person hearing created an undue burden. There is no indication in the common law record that DHS responded to plaintiff's request.

¶ 8    A December 1, 2017 letter from the DHS Appeals Office to plaintiff noted that neither plaintiff nor his representative appeared at the November 29, 2017 hearing, and therefore, the appeal was considered abandoned and dismissed. However, if plaintiff still wished for a hearing, the appeal could be continued to a new date if he made a written request within 10 days and presented good cause for failing to appear.

¶ 9    In a December 1, 2017 email to the DHS Appeals Office, plaintiff stated that he had requested a telephone hearing in his November 21, 2017 email. A December 5, 2017 letter from the DHS Appeals Offices denied plaintiff's request for a new hearing date. On December 20, 2017, plaintiff filed a *pro se* petition for administrative review in the circuit court. This case was assigned case number 17 CH 16724.

¶ 10    A December 27, 2017 letter from the DHS Appeals Office to plaintiff stated that a new hearing had been scheduled for January 24, 2018 at 10 a.m. and would be held by phone.

¶ 11    The administrative record contains a transcript of the telephone hearing held on the afternoon of January 24, 2018.[2] The hearing officer called plaintiff at 2:22 p.m. Caseworker Meyer Diaz appeared via telephone. However, when the hearing officer asked plaintiff to state his name and address for the record, the hearing officer stated that she could not hear anything and asked if plaintiff hung up. The hearing officer called plaintiff again and received his voicemail. The hearing officer stated that she would call plaintiff again in 15 minutes and if she were unable to reach him,

_____

[2] This transcript is contained in the administrative record filed in each circuit court proceeding.

his appeal would be dismissed. At 2:41 p.m., the hearing officer called plaintiff again and left a second voicemail stating that he had requested a telephone hearing but because she was unable to reach him, his appeal must be dismissed for failure to appear.

¶ 12    In a January 25, 2018 email to Diaz, plaintiff stated that per their phone conversation on the morning of January 24, 2018, certain income information was attached and that they conducted a " 'pre-hearing meeting' " rather than the scheduled hearing. Plaintiff further stated that although Diaz was to call him back and leave a voicemail about the hearing, someone else called and left two voicemails when plaintiff was at a doctor's appointment with his children.

¶ 13    A January 26, 2018 letter from the DHS Appeals Office to plaintiff stated the appeal was considered abandoned and dismissed as neither plaintiff nor a representative appeared at the hearing. However, if plaintiff still wished for a hearing, the appeal could be continued to a new date if he made such a written request within 10 days and presented good cause for failing to appear.

¶ 14    In a February 5, 2018 email, plaintiff stated that he spoke to Diaz on the morning of the hearing, the conversation was a " 'reconciliation' " meeting, and that Diaz was to call him back later in the day regarding the " 'no call, no show.' " However, that afternoon someone else left two messages stating that the appeal was dismissed. Plaintiff noted that the appeal had already been dismissed and was undergoing administrative review in the circuit court, but that a "clueless representative" called and again dismissed it. He further noted that his good cause was the "nerve" and "impertinence" of the caller, and that he appeared at the "scheduled hearing" but DHS did not.

¶ 15    On February 15, 2018, plaintiff filed a *pro se* petition for administrative review in the circuit court, challenging the January 26, 2018 dismissal. This case was assigned case number 18 CH 01981.

¶ 16    The two administrative review proceedings, case number 17 CH 16724 challenging the December 2017 dismissal, and case number 18 CH 01981 challenging the January 2018 dismissal, proceeded separately in the circuit court.

¶ 17    On May 17, 2018, plaintiff filed a *pro se* brief in support of his complaint for administrative review in case number 17 CH 16724. The brief alleged that DHS disrespected people, threatened physical harm, engaged in "white collar crime," issued "false documents," and refused to hear appeals by pretending that appellants did not appear. Plaintiff alleged that his email requesting a telephone hearing was ignored and that DHS did not appear on the day of the hearing. He further noted the "idiocrasy" in scheduling a new hearing after he filed a petition for administrative review.

¶ 18    Defendants' brief in support of the administrative decision argued that although plaintiff requested a change in the type of hearing, such a request was not approved until confirmed, and the DHS Appeals Office never confirmed the change. Thus, the appeal was properly dismissed because plaintiff did not appear and did not provide good cause such that the dismissal should be overturned. Defendants further noted that two days after filing a petition for administrative review in case 17 CH 16724, plaintiff was granted a new telephone hearing on his appeal from the decision regarding the SNAP benefits. Thus, plaintiff had "essentially" already prevailed and the instant proceeding was moot.

¶ 19    On June 5, 2018, plaintiff filed a motion to compel "complete" discovery, alleging that defendants refused to produce all documents in an attempt to hide "incriminating evidence."

¶ 20    On March 7, 2019, the circuit court dismissed case number 17 CH 16724 as moot, finding that plaintiff was already afforded the relief he sought, that is, a new hearing which was held on January 24, 2018. The court also denied plaintiff's motion to compel. Plaintiff filed a timely *pro se* notice of appeal, which was assigned number 1-19-0714 in this court.

¶ 21    On June 25, 2018, while case number case number 17 CH 16724 was pending in the circuit court, plaintiff filed a *pro se* amended complaint for administrative review in case number 18 CH 01981 challenging the January 2018 dismissal. He filed a *pro se* brief in support alleging that defendants had a "culture of discrimination," committed fraud in the administration of the SNAP program, and issued "doctored" documents. Plaintiff alleged that defendants refused to hear an appeal, pretended that plaintiff did not appear, cut his family's benefits to "zero," and condemned his children to "starvation." He stated that although he had "prevailed" in more than 30 DHS appeals and 9 administrative proceedings, defendants continued to "harass and retaliate" against him. He further noted defendants' "idiocrasy" in scheduling a hearing on the appeal after the filing of a petition for administrative review in the circuit court.

¶ 22    Defendants' brief in support of the administrative decision argued that although the appeal was properly dismissed on December 1, 2017, for plaintiff's failure to appear, a telephone hearing was nonetheless scheduled for January 24, 2018. However, the appeal was again dismissed after two unsuccessful attempts to contact plaintiff by phone and his failure to show good cause for his failure to appear.

¶ 23    On October 24, 2018, plaintiff filed a motion to compel "complete" discovery alleging that defendants had "cherry-pick[ed]" the documents produced, and failed to provide all documents

that were part of the agency's decision-making process and copies of plaintiff's previous complaints about DHS.

¶ 24    On December 13, 2018, in case number 18 CH 01981, the circuit court affirmed the January 26, 2018 dismissal. The court noted that defendants' administrative rules provided that an appeal shall be dismissed when the appellant or his authorized representative does not appear at the time, date, and place designated for the hearing, plaintiff was on notice that if the hearing officer could not reach him the appeal would be considered abandoned and dismissed, and that on January 24, 2018, the hearing officer called plaintiff twice but was unable to reach him. The court further noted that a dismissal would be vacated only if good cause were shown, and although plaintiff stated he was at a doctor's appointment with his children when the hearing officer called, he did not allege a medical emergency or that the appointment was "beyond his control." The court also denied plaintiff's motion to compel, as the documents he sought did not relate to DHS's decision to dismiss plaintiff's appeal.

¶ 25    Plaintiff filed a timely *pro se* notice of appeal in case number 18 CH 01981. The appeal was assigned number 1-18-2651 in this court, and consolidated for disposition with appeal number 1-19-0714.

¶ 26    On appeal, plaintiff contends that the January 26, 2018 dismissal of his appeal by DHS and the circuit court's December 13, 2018 order affirming that dismissal must be reversed because the dismissal was illegal and violated defendants' rules. He further contends that the circuit court erred when it denied his motions to compel defendants to "produce the entire record of proceedings" because it considered defendants' "perjury and spoliation of documents."

¶ 27    As a preliminary matter, we note that our review of plaintiff's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. May 25, 2018), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although plaintiff is a *pro se* litigant, this status does not lessen his burden on appeal. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. May 25, 2018). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 28    Here, plaintiff's briefs provide minimal citations to the record and fail to articulate a legal argument which would allow a meaningful review of his claims. An appellant is required to cite to the pages and volumes of the record on appeal upon which he relies "so that we are able to assess whether the facts which [the appellant] presents are accurate and a fair portrayal of the events in this case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58; see also Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). In the case at bar, the fact section of plaintiff's brief is a narrative of the case from his perspective and he cites no pertinent legal authority to support his arguments on appeal. See *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) ("A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into

which the appealing party may dump the burden of argument and research."). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 29 Considering the content of plaintiff's briefs, it would be within our discretion to dismiss the instant appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal."). However, because the merits of this case can be ascertained from the record, and we have the benefit of a cogent appellees' brief, we choose to consider the discernible merits of the appeals. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

¶ 30 Turning to the merits of plaintiff's appeals, in administrative review cases, we review the decision of the administrative agency, not the decision of the circuit court. *Exelon Corp. v. Department of Revenue*, 234 Ill. 2d 266, 272, (2009). The applicable standard of review depends on whether the issue is one of fact, of law, or a mixed question of fact and law. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008).

¶ 31 An agency's findings and conclusions on questions of fact are held to be *prima facie* true and correct. *Board of Education of the City of Chicago v. Illinois Educational Labor Relations Board*, 2015 IL 118043, ¶ 15. When reviewing an agency's factual findings, we do not reweigh the evidence or substitute our judgment for that of the agency; rather, we determine whether the factual findings are against the manifest weight of the evidence. *Id*. An agency's finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident. *Windsor*

*Clothing Store v. Castro*, 2015 IL App (1st) 142999, ¶ 26. An agency's conclusion on a question of law is reviewed *de novo*. *Board of Education of the City of Chicago*, 2015 IL 118043, ¶ 15.

¶ 32   A mixed question of law and fact asks whether an undisputed rule of law as applied to established facts was or was not violated. *Id.* ¶ 16. An agency's determination on mixed questions of law and fact is reviewed for clear error. *Id.* An agency's decision is clearly erroneous when a reviewing court is left with the definite and firm conviction that a mistake was made. *Id.*

¶ 33   At the outset, plaintiff contends that the circuit court erred in each case when it denied his motions to compel defendants to produce the entire record of proceedings and that this denial "accept[ed] and encourage[ed]" defendants' "perjury" and "spoliation of documents." However, plaintiff provides no detailed discussion of the documents purported to be missing from the record, does not explain how those documents relate to the issue before the court, and cites no legal authority in support of his argument on appeal.

¶ 34   As discussed above, Supreme Court Rule 341(h)(7) (eff. May 25, 2018) provides that the appellant's brief shall include an argument containing the appellant's contentions, the reasons therefor, and citation to the authorities. "An issue not clearly defined and sufficiently presented fails to satisfy the requirements of Supreme Court Rule 341(h)(7) and is, therefore, [forfeited]." *In re Detention of Lieberman*, 379 Ill. App. 3d 585, 610 (2007). "The fact that a party appears *pro se* does not relieve that party from complying as nearly as possible [with] the Illinois Supreme Court Rules for practice before this court." *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8.

¶ 35   On this record and in light of the above authority, we conclude that plaintiff has forfeited this issue. Even if we did not so conclude, however, the paucity of plaintiff's arguments with respect to this issue would lead us to find that he has failed to meet his burden of showing that the

circuit court committed a manifest abuse of discretion in either case. See *Dufour v. Mobile Oil Corp.*, 301 Ill. App. 3d 156, 160 (1998) ("A trial court's ruling on a motion to compel discovery will stand absent a manifest abuse of discretion affirmatively and clearly shown by the appellant.").

¶ 36    Turning now to appeal number 1-18-2651, plaintiff seeks review of the dismissal of his appeal based upon his failure to appear at the January 24, 2018 hearing and to show good cause for that failure.

¶ 37    Pursuant to section 14.60(a)(1) of Title 89 of the Administrative Code (89 Ill. Adm. Code 14.60(a)(1) (Mar. 15, 2001), an appeal shall be dismissed if the appellant or the appellant's authorized representative does not appeal at the time, date, and place designated for the hearing. Moreover, a dismissal shall be vacated only if good cause is shown for the appellant's failure to appear, such as a death in the family, personal injury or illness that reasonably prohibits the appellant from attending the hearing, or a sudden and unexpected emergency or other circumstance beyond the appellant's control that reasonably prevented the appellant from attending the hearing. See 89 Ill. Adm. Code 14.60(e) (Mar. 15, 2001).

¶ 38    Here, it is undisputed that plaintiff did not engage in the January 24, 2018 telephone hearing despite two phone calls from the hearing officer. Plaintiff later explained that he was at a doctor's appointment with his children, but did not allege that it was an emergency appointment that was out of his control. Although plaintiff asserted that he spoke with Diaz the morning of the hearing, he did not explain how that excused him from attending the hearing. Having reviewed the record, we are not left with the definite and firm conviction that defendants' conclusion that plaintiff failed to show good cause for his failure to attend the hearing was a mistake. See *Board of Education of*

*the City of Chicago*, 2015 IL 118043, ¶ 16. We therefore affirm the dismissal of plaintiff's appeal in appeal number 1-18-2651.

¶ 39 With regard to appeal number 1-19-0714, the circuit court dismissed plaintiff's petition for administrative review as moot, considering that two days after plaintiff filed a petition for review, he was granted a telephone hearing.

¶ 40 "An appeal is moot if no actual controversy exists or when events have occurred that make it impossible for the reviewing court to render effectual relief." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. "Mootness occurs once the plaintiff has secured what he basically sought and a resolution of the issues could not have any practical effect on the existing controversy." *Hanna v. City of Chicago*, 382 Ill. App. 3d 672, 677 (2008). Rulings on mootness are reviewed *de novo*. *People v. Custer*, 2019 IL 123339, ¶ 17.

¶ 41 Here, plaintiff filed a petition for administrative review on December 20, 2017, seeking review of the December 5, 2017 letter denying him a new hearing based upon a failure to show good cause for his failure to appear. The record reflects that plaintiff was afforded a new hearing on January 24, 2018. Thus, the circuit court properly dismissed plaintiff's petition for administrative review as moot as plaintiff had already received the relief he sought, *i.e.*, a new hearing on his appeal.

¶ 42 Accordingly, for the foregoing reasons, we affirm the dismissals of plaintiff's appeals.

¶ 43 Appeal number 18-2651, Affirmed.

¶ 44 Appeal number 19-0714, Affirmed.